UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Teriana Jones
  On behalf of herself and a class
of employees and/or former employees
similarly situated,

    Plaintiff,

vs.

Case No:    17-CV-125

Crusin Chubbys Gentlemen's Club
Edge of the Dells, Inc.
Timothy Enterprises, LLC.
Kenny's Future, LLC.
Living on the Edge Campground & Go-Karts, Inc.
PTB, Inc.,

-and-

Timothy D. Roberts
Kenneth C. Roberts
Lantz Ray Roberts, f/k/a Thomas Lantz Douglas,

    Defendants.

## COMPLAINT

Plaintiff, on behalf of herself and a class of similarly situated employees and/or former employees, through her attorneys, Moen Sheehan Meyer, Ltd., files this Complaint against the above-named Defendants as follows:

1. This is a <u>collective action</u> for unpaid wages and overtime brought pursuant to 29 U.S.C. § 201, et seq., ("FLSA") and a <u>class action</u> for unpaid wages and overtime under Wisconsin laws brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1

2. This Court has original jurisdiction of the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

3. This Court has supplemental jurisdiction over the Wisconsin law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal law claims that they form part of the same case or controversy.

4. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is appropriate, and this Court has personal jurisdiction because (1) a substantial part of the events or omissions giving rise to these claims occurred within this judicial district; (2) all Defendants reside within this judicial district; and (3) all Defendants regularly conduct business within the judicial district.

## PARTIES

5. Plaintiff, **Teriana Jones** ("Jones" or "Plaintiff") is a U.S. citizen and a citizen of Wisconsin. Plaintiff's domicile is Wisconsin because she intends to remain in Wisconsin indefinitely. At all times material hereto, Plaintiff worked as an exotic dancer for Defendants.

6. Plaintiff has consented in writing to be a party plaintiff in this action, and her certified written consent form, required by 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

7. Defendants are collectively in the business of operating an exotic nightclub, bar, restaurant and adult campground in Wisconsin Dells, Wisconsin (hereinafter "Resort"). Upon information and belief, the Resort is comprised of the following defendant business entities:

   a. **Crusin Chubbys Gentlemen's Club**, an unidentified business entity that, upon information and belief, operates the Resort's exotic nightclub at N576 US Hwy 12, Wisconsin Dells, Wisconsin;

   b. **Edge of the Dells, Inc.**, a Wisconsin corporation that, upon information and belief, operates the Resort's adult campground at N555 US Hwy 12, Wisconsin Dells, Wisconsin.

2

c. **Timothy Enterprises, LLC**, a Wisconsin limited liability company that, upon information and belief, is involved to an unknown extent in the operation of Crusin Chubbys Gentlemen's Club and/or other aspects of the defendants' Resort.

d. **Kenny's Future, LLC**, a Wisconsin limited liability company that, upon information and belief, is involved to an unknown extent in the operation of the Resort's adult campground and/or other aspects of the defendants' Resort.

e. **Living on the Edge Campground & Go-Karts, Inc.**, a Wisconsin corporation that, upon information and belief, is involved to an unknown extent in the operation of the Resort's adult campground and/or other aspects of the defendants' Resort.

f. **PTB, Inc.**, a Wisconsin corporation that, upon information and belief, is involved to an unknown extent in the operation of Crusin Chubbys Gentlemen's Club and/or other aspects of the defendants' Resort..

8. Upon information and belief, the following defendant individuals are owners, members, officers or directors of one or more of the defendant business entities of the Resort above, and are managers of the Resort and its Dancers:

a. **Timothy D. Roberts**, an adult U.S. citizen and Wisconsin resident residing at N969 Casey Road, Wisconsin Dells, Wisconsin;

b. **Lantz Ray Roberts**, f/k/a Thomas Lantz Douglas, an adult U.S. citizen and Wisconsin resident residing at 121 Sweet Briar Drive, Wisconsin Dells, Wisconsin;

c. **Kenneth C. Roberts**, an adult U.S. citizen and Wisconsin resident residing at N960 Southern Road, Lyndon Station, Wisconsin.

9. Each Defendant (collectively "Defendants") is an "employer" within the meaning of 29 U.S.C. § 203(d), (r) and (s), and Wisconsin Stat. §§ 103.001(6), 104.01(3), and 109.01(2).

10. Each of the named defendant businesses is a "joint employer" under C.F.R. § 791.2(b) and equivalent state laws, and therefore each are jointly and severally liable to the Plaintiff and putative class members for their damages as set forth below.

## FACTUAL ALLEGATIONS

11. Defendants are in the business of providing adult entertainment, lodging, food, and alcoholic beverages to their customers at the Resort.

12. To provide such adult entertainment to their customers, Defendants employ Plaintiff and other women (collectively "Dancers") to dance for and spend time with the Defendants' customers at the Resort's exotic nightclub and adult campground.

13. Defendants categorize Dancers as "independent contractors" and do not pay Dancers minimum wage or overtime for work Dancers perform at the Resort, as required by federal and state laws.

14. Dancers earn money at the exotic nightclub by soliciting tips from customers while dancing on stage and by collecting fees from customers for private dances.

15. Customers at the exotic nightclub pay varying dollar amounts (collectively "Private Dance Fees") for private dances dependent upon the type of private dance performed:

    a. Topless lap dance: $20.00;

    b. Topless and bottomless lap dance: $40.00;

    c. Shower dance: $160.00;

    d. "VIP" dance: $300.00;

16. Defendants retain all Private Dance Fees, but allocate fifty (50) percent of each Private Dance Fee to the dancer who performed the private dance.

17. Defendants pay Dancers the amounts allocated to them from the Private Dance Fees at the end of each nightly shift or at the end of each week depending on each dancer's work schedule.

18. Before Dancers can receive any money from the Private Dance Fees, however, Defendants require Dancers to each pay a nightly tip-out fee to the Defendants.

19. Defendants determine the price of the nightly tip-out fee, which can change at any time.

20. Dancers are required to pay the nightly tip-out fee from their tips earned while dancing on stage at the exotic nightclub.

21. Notwithstanding this arrangement, Defendants do not have a written tip-pooling agreement with Dancers.

22. If a dancer cannot pay the nightly tip-out from her tips, she will be indebted to Defendants for that amount, and Defendants will not allow her to work at the Resort until she has paid the entire tip-out fee.

23. As a result of this pay structure, Dancers often effectively receive no pay for the hours they worked for Defendants at the Resort's exotic nightclub.

24. Defendants further require Dancers to spend time with customers who are camping at the Resort's adult campground and to participate in nude events at the campground to entertain the campers.

25. Defendants do not pay Dancers minimum wage or overtime for Dancers' work at the adult campground.

26. Dancers have no other opportunities to earn money at the Defendants' campground.

27. In order to ensure Dancers are available and ready to work at the Resort, Defendants require some Dancers to sleep at the Resort.

## CLASS ALLEGATIONS

33. Plaintiff seeks to represent two distinct classes: (a) an FLSA class (Counts 1-3); and (b) a Wisconsin class (Counts 4 – 8).

   a. The FLSA class (Counts 1 - 3) consists of all current and former Dancers who have worked for Defendants without proper compensation within the past three years. The named Plaintiff can demonstrate a "colorable basis" that other members of the FLSA class were victims of common decisions, policies, or plans with similarly situated issues.

   b. The Wisconsin class consists of all Wisconsin citizens who meet the criteria set forth in subparagraph (a), but who assert their claim pursuant to Counts 4 - 8.

34. There are questions of fact and law common to both classes, including the following:

   a. Whether Defendants control Dancers' schedules.

   b. Whether Defendants control what Dancers wear during their performances.

   c. Whether Defendants control prices for Dancers' private dances.

   d. Whether Defendants control how Dancers perform their dances.

   e. Whether Dancers own and operate their own individual businesses.

   f. Whether Dancers exercise their own business judgement in their work.

   g. Whether Defendants improperly classify Dancers as independent contractors.

   h. Whether Defendants fail to pay Dancers a minimum wage.

   i. Whether Defendants fail to pay Dancers overtime wages.

   j. Whether Defendants' nightly tip-outs are unlawful deductions from Dancers' tips and/or wages.

   k. Whether or not Defendants are unjustly enriched by Dancers' work.

   l. Whether or not Defendants are unjustly enriched by Dancers' payment of nightly tip-outs.

  m. Whether Defendants are liable to Dancers for attorney's fees associated with this action.

  n. Whether Defendants failure to pay Dancers minimum wage and overtime is "willful" under state and federal laws.

  o. Whether Defendants are liable to Dancers for liquated damages under state and federal laws.

35. The Plaintiff's claims are typical of the class she seeks to represent. Moreover, the questions of law or fact common to the class members predominate over any questions affecting only individual members, as all class members are current or former employees who were not paid minimum wage, were not properly paid overtime wages, and were unlawfully divested of their tips by Defendants.

36. Plaintiff will fairly and adequately protect the interests of the class. The interests of the named Plaintiff are coincident with, and not antagonistic to, those of the class.

37. The named Plaintiff is represented by competent counsel that is experienced in complex litigation, business and employment law, personnel management, computer technology and electronic discovery. Counsel is licensed to practice in Wisconsin and has been admitted to practice before the U.S. District Court for the Western District of Wisconsin.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and is consistent with the legislative history and objectives of the Fair Labor Standards Act.

39. Maintenance of this action as a class action will promote equitable administration of justice because pursing claims on an individual basis would be disproportionately expensive.

40. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of that class that would establish incompatible standards of conduct for Defendants.

## COUNT 1
## FAILURE TO PAY MINIMUM WAGE UNDER THE FAIR LABOR STANDARDS ACT

41. Plaintiff re-alleges and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

42. During the (3) three years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay Plaintiff and class members for their work at the Resort as described in the paragraphs above. In so doing, Defendants have failed to pay Plaintiff and the class members a federal minimum wage for hours worked that constitute less than a total of 40 hours in a single week, as required by 29 U.S.C. § 206(a).

43. Defendants violation of 29 U.S.C. § 206(a) is "willful" within the meaning of 29 U.S.C. § 255(a).

## COUNT 2
## FAILURE TO PAY OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

44. Plaintiff re-alleges and incorporates the preceding paragraphs, as if fully set forth herein.

45. During the three (3) years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay Plaintiff and the class members their work at the Resort as described in the paragraphs above. In doing so, Defendants have failed to pay Plaintiff and the class members at the rate of one and one half (1 ½) times their regular hourly rate of pay for all hours that they worked in excess of 40 hours in a single week, as required under 29 U.S.C. § 207(a).

46. Defendants' violation of 29 U.S.C. § 207(a) is "willful" within the meaning of 28 U.S.C. § 255(a).

## COUNT 3
## UNLAWFUL RETENTION OF TIPS UNDER FAIR LABOR STANDARDS ACT

47. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

48. Defendants' tip out fees are unlawful deductions of the class members' tips or wages in violation of the FLSA.

## COUNT 4
### FAILURE TO PAY MINIMUM WAGE UNDER WISCONSIN LAW
### WIS. STAT. § 109.03(5)

49. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

50. The time Plaintiff and class members spent engaged in the activities described in the above paragraphs is compensable under Wis. Admin. Code § DWD 272.12.

51. Defendants have failed to pay Plaintiff and class members a State minimum wage for hours worked that constitute less than a total of 40 hours in a single week as required by Wis. Stat. § 104.035 and Wis. Admin. Code § DWD 272.03.

## COUNT 5
### FAILURE TO PAY OVERTIME UNDER WISCONSIN LAW
### WIS. STAT. § 109.03(5)

52. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

53. Defendants have failed to pay Plaintiff and class members for the activities described in the above paragraph at the rate of one and one half (1 ½) times their regular hourly rate of pay for all hours that they have been employed in excess of 40 hours in a single week, as required by Wis. Stat. §§ 104.02, 109.03, and Wis. Admin. Code § DWD 274.03.

## COUNT 6
### UNLAWFUL RETENTION OF TIPS UNDER WISCONSIN LAW

54. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

55. Defendants' tip out fees are unlawful deductions of the class members' tips or wages in violation of Wisconsin Statute § 103.455.

## COUNT 7
## CONVERSION

56. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

57. Defendants converted Dancers' rightful property when they unlawfully retained class members' tips.

## COUNT 8
## UNJUST ENRICHMENT

58. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

59. Defendants are unjustly enriched by class members' work performed at the Resort and tip-outs paid to Defendants.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff and class members request that this Court:

a. Issue notice to all similarly situated Dancers informing them of their right to file consent forms to join the FLSA portion (FLSA class) of this action, and designate this action as a collective action pursuant to 29 U.S.C. § 216(b);

b. Certify the claims under Wisconsin law as set forth in Counts 4-8 as a class action (Wisconsin class) pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Determine the class members are Defendants' employees and not independent contractors;

d.  Determine that Defendants violated the FLSA and Wisconsin Law by not paying minimum wages and overtime to Plaintiff and class members for the activities described in the above paragraphs;

e.  Determine that Defendants violated the FLSA and Wisconsin law by making unlawful deductions of class members' tips and/or wages;

f.  Determine Defendants have been unjustly enriched from class members' work and cover charges paid;

g.  Permanently enjoin Defendants from violating the FLSA and Wisconsin wage and hour laws;

h.  Award Plaintiff and class members (1) their unpaid regular hourly rate of pay for hours of work up to 40 hours per week (2) their unpaid overtime rate of pay for all hours of work in excess of 40 hours per week; and (3) damages in the amount of their wages or tips unlawfully deducted, withheld, and/or converted;

i.  Award the members of the FLSA class liquated damages in an amount equal to the amount of their unpaid regular and overtime wages under 29 U.S.C. § 216(b);

j.  Award the members of the Wisconsin class liquidated damages in the amount equal to 50% of the amount of their unpaid regular and overtime wages under Wis. Stat. § 109.11(2);

k.  Award Plaintiff and class members their costs and attorney's fees under 29 U.S.C. § 216(b) and Wis. Stat. § 109.11; and

l.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and class members hereby respectfully demand a jury trial pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P 38(a).

Dated this 16th day of February, 2017.

MOEN SHEEHAN MEYER, LTD.

_____
Justin W. Peterson (SBN 1087366)
201 Main Street, Suite 700
La Crosse, WI 54601
(608) 784-8310