UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Teriana Jones, et al.,

               Plaintiffs,

        v.

Edge of the Dells, Inc., et al.

               Defendants.

Case No.  17-cv-00125-jdp

Honorable James D. Peterson

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
EDGE OF THE DELLS, INC., P.T.B., INC., KENNY'S FUTURE, LLC,
LIVING ON THE EDGE CAMPGROUND & GO-KARTS, INC.,
TIMOTHY ENTERPRISES, LLC, SOUTHERN HEIGHTS, LLC,
TIMOTHY D. ROBERTS, KENNETH C. ROBERTS AND LANTZ RAY ROBERTS**

NOW COME the Defendants, Edge of the Dells, Inc., P.T.B., Inc., d/b/a Cruisin'
Chubby's Gentlemen's Club (improperly identified in the First Amended Complaint as Cruisin'
Chubbies Gentlemen's Club), Kenny's Future, LLC, Living on the Edge Campground & Go-
Karts, Inc., Timothy Enterprises, LLC, Southern Heights, LLC, Timothy D. Roberts, Kenneth C.
Roberts and Lantz Ray Roberts (collectively, "Answering Defendants"), by their attorneys,
Davis & Kuelthau, s.c., and as and for their Answer and Affirmative Defenses to the Plaintiffs'
First Amended Complaint, admit, deny and allege as follows:

## <u>ANSWER</u>

1.      This is a <u>collective action</u> for unpaid wages and overtime brought pursuant to 29
U.S.C. § 201, et seq., ("FLSA") and a <u>class action</u> for unpaid wages and overtime under
Wisconsin laws brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:**   **Answering Defendants admit that the Plaintiffs purport to assert a collective and class action pursuant to 29 U.S.C. § 201, et seq., and Fed. R. Civ. P. 23. Answering Defendants deny all other allegations set forth in, or implied by, paragraph 1.**

2.     This Court has original jurisdiction of the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

**ANSWER:**   **The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.   To the extent such allegations are deemed factual, Answering Defendants admit that the Plaintiffs have brought a claim against Answering Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and that, accordingly, this Court has original jurisdiction over that specific claim pursuant to 28 U.S.C. § 1331.   Answering Defendants deny any and all other allegations set forth in, or implied by, paragraph 2.**

3.     This Court has supplemental jurisdiction over the Wisconsin law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal law claims that they form part of the same case or controversy.

**ANSWER:**   **The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.   To the extent such allegations are deemed factual, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of whether this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiffs' state law claims and therefore deny same.   Answering Defendants deny any and all other allegations set forth in, or implied by, paragraph 3.**

4.     Pursuant to 28 U.S.C. § 1391(b) and (c), venue is appropriate, and this Court has personal jurisdiction because (1) a substantial part of the events or omissions giving rise to these

2

claims occurred within this judicial district; (2) all Defendants reside within this judicial district; and (3) all Defendants regularly conduct business within the judicial district.

**ANSWER:**   **The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.   To the extent such allegations are deemed factual, Answering Defendants admit that each of Answering Defendants are located within the Western District of Wisconsin.   Answering Defendants deny any and all remaining allegations set forth in, or implied by, paragraph 4.**

ANSWER TO PARTIES

5.      Plaintiff, **Teriana Jones** ("Jones") is a U.S. citizen and a citizen of Wisconsin. Jones' domicile is Wisconsin because she intends to remain in Wisconsin indefinitely.  At all times material hereto, Jones worked as an exotic dancer for Defendants.

**ANSWER:**   **Answering Defendants deny that the Plaintiff ever worked, in any capacity, for any of Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 and therefore deny same.**

6.      Jones has consented in writing to be a party plaintiff in this action, and her certified written consent form, required by 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

**ANSWER:**   **Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny same.**

7.      Plaintiff, **Bethany Morrisey** ("Morrisey") is a U.S. citizen and a citizen of Wisconsin.  Morriseys' domicile is Wisconsin because she intends to remain in Wisconsin indefinitely.  At all times material hereto, Morrisey worked as an exotic dancer for Defendants.

**ANSWER:**   Answering Defendants deny that the Plaintiff ever worked, in any capacity, for any of Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 and therefore deny same.

8.      Morrisey has consented in writing to be a party plaintiff in this action, and her certified written consent form, required by 29 U.S.C. § 216(b), is attached hereto as **Exhibit B**.

**ANSWER:**   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny same.

9.      Defendants are collectively in the business of operating an exotic nightclub, bar, restaurant and adult campground in Wisconsin Dells, Wisconsin (hereinafter "Resort").  Upon information and belief, the Resort is comprised of the following defendant business entities:

a.      **Cruisin' Chubbies Gentlemen's Club**, an unidentified business entity that, upon information and belief, operates the Resort's exotic nightclub at N576 US Hwy 12, Wisconsin Dells, Wisconsin;

b.      **Edge of the Dells, Inc.**, a Wisconsin corporation that, upon information and belief, operates the Resort's adult campground at N555 US Hwy 12, Wisconsin Dells, Wisconsin.

c.      **Timothy Enterprises, LLC**, a Wisconsin limited liability company that, upon information and belief, is involved to an unknown extent in the operation of Cruisin' Chubbies Gentlemen's Club and/or other aspects of the defendants' Resort.

4

      d.     **Kenny's Future, LLC**, a Wisconsin limited liability company that, upon information and belief, is involved to an unknown extent in the operation of the Resort's adult campground and/or other aspects of the defendants' Resort.

      e.     **Living on the Edge Campground & Go-Karts, Inc.**, a Wisconsin corporation that, upon information and belief, is involved to an unknown extent in the operation of the Resort's adult campground and/or other aspects of the defendants' Resort.

      f.     **PTB, Inc.**, a Wisconsin corporation that, upon information and belief, is involved to an unknown extent in the operation of Cruisin' Chubbies Gentlemen's Club and/or other aspects of the defendants' Resort.

      g.     Southern Heights, LLC, a Wisconsin limited liability company that, upon information and belief, is involved to an unknown extent in the operation of Cruisin' Chubbies Gentlemen's Club and/or other aspects of the defendants' Resort.

**<u>ANSWER:</u>    Answering Defendants deny the allegations set forth in, or implied by, Paragraph 9 and all subparts thereof.  Further, Answering Defendants assert that there is no existing business entity named Cruisin' Chubbys Gentlemen's Club and assert that Defendant P.T.B., Inc., does business as Cruisin' Chubbys Gentlemen's Club.**

10.    Upon information and belief, the following defendant individuals are owners, members, officers or directors of one or more of the defendant business entities of the Resort above, and are managers of the Resort and its Dancers:

      a.     **Timothy D. Roberts**, an adult U.S. citizen and Wisconsin resident residing at N969 Casey Road, Wisconsin Dells, Wisconsin;

b.    **Lantz Ray Roberts**, f/k/a Thomas Lantz Douglas, an adult U.S. citizen and Wisconsin resident residing at 121 Sweet Briar Drive, Wisconsin Dells, Wisconsin;

c.    **Kenneth C. Roberts**, an adult U.S. citizen and Wisconsin resident residing at N960 Southern Road, Lyndon Station, Wisconsin.

**ANSWER:**    **Answering Defendants admit the accuracy of the citizenship status and addresses of each individual listed in subparts (a), (b) and (c) of paragraph 8. Answering Defendants deny any and all remaining allegations set forth in, or implied by, paragraph 8 and all subparts thereof.**

11.    Each Defendant (collectively "Defendants") is an "employer" within the meaning of 29 U.S.C. § 203(d), (r) and (s), and Wisconsin Stat. §§ 103.001(6), 104.01(3), and 109.01(2).

**ANSWER:**    **The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.   To the extent such allegations are deemed factual, Answering Defendants deny.**

12.    Each of the named defendant businesses is a "joint employer" under C.F.R. § 791.2(b) and equivalent state laws, and therefore each are jointly and severally liable to the Plaintiffs and putative class members for their damages as set forth below.

**ANSWER:**    **The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.   To the extent such allegations are deemed factual, Answering Defendants deny.**

<u>ANSWER TO FACTUAL ALLEGATIONS</u>

13.    Defendants are in the business of providing adult entertainment, lodging, food, and alcoholic beverages to their customers at the Resort.

**ANSWER:**    **Answering Defendants deny.**

6

14.    To provide such adult entertainment to their customers, Defendants employ Plaintiffs and other women (collectively "Dancers") to dance for and spend time with the Defendants' customers at the Resort's exotic nightclub and adult campground.

**ANSWER:    Answering Defendants deny.**

15.    Defendants categorize Dancers as "independent contractors" and do not pay Dancers minimum wage or overtime for work Dancers perform at the Resort, as required by federal and state laws.

**ANSWER:    Answering Defendants deny.**

16.    Dancers earn money at the exotic nightclub by soliciting tips from customers while dancing on stage and by collecting fees from customers for private dances.

**ANSWER:    Answering Defendants admit that independent contractors who perform various activities at a nightclub commonly known as Cruisin' Chubbys earn money through fees the independent contractors charge to individuals who request and obtain certain services from the independent contractors and through tips received from individuals who choose to tip the individual contractors for services performed by the independent contractors.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 and therefore deny same.**

17.    Customers at the exotic nightclub pay varying dollar amounts (collectively "Private Dance Fees") for private dances dependent upon the type of private dance performed:

    a.    Topless lap dance:  $20.00;

    b.    Topless and bottomless lap dance:  $40.00;

    c.    Shower dance:  $160.00;

      d.     "VIP" dance:  $300.00;

**ANSWER:**    **Answering Defendants deny and affirmatively assert that such fees are paid directly to the independent contractors by individuals who choose to obtain certain services from the independent contractors.**

18.    Defendants retain all Private Dance Fees, but allocate fifty (50) percent of each Private Dance Fee to the dancer who performed the private dance.

    **ANSWER:**    **Answering Defendants deny.**

19.    Defendants pay Dancers the amounts allocated to them from the Private Dance Fees at the end of each nightly shift or at the end of each week depending on each dancer's work schedule.

    **ANSWER:**    **Answering Defendants deny.**

20.    Before Dancers can receive any money from the Private Dance Fees, however, Defendants require Dancers to each pay a nightly tip-out fee to the Defendants.

    **ANSWER:**    **Answering Defendants deny.**

21.    Defendants determine the price of the nightly tip-out fee, which can change at any time.

    **ANSWER:**    **Answering Defendants deny.**

22.    Dancers are required to pay the nightly tip-out fee from their tips earned while dancing on stage at the exotic nightclub.

    **ANSWER:**    **Answering Defendants deny.**

23.    Notwithstanding this arrangement, Defendants do not have a written tip-pooling agreement with Dancers.

**ANSWER:   Answering Defendants admit that none of Answering Defendants have any "written tip-pooling agreement" with any independent contractors.  Answering Defendants deny any and all remaining allegations set forth in, or implied by, paragraph 21.**

24.     If a dancer cannot pay the nightly tip-out from her tips, she will be indebted to Defendants for that amount, and Defendants will not allow her to work at the Resort until she has paid the entire tip-out fee.

**ANSWER:   Answering Defendants deny.**

25.     As a result of this pay structure, Dancers often effectively receive no pay for the hours they worked for Defendants at the Resort's exotic nightclub.

**ANSWER:   Answering Defendants deny.**

26.     Defendants further require Dancers to spend time with customers who are camping at the Resort's adult campground and to participate in nude events at the campground to entertain the campers.

**ANSWER:   Answering Defendants deny.**

27.     Defendants do not pay Dancers minimum wage or overtime for Dancers' work at the adult campground.

**ANSWER:   Answering Defendants deny and affirmatively assert that the Plaintiffs and other similarly situated individuals were never asked or instructed to provide any services, of whatever type or nature, at any campground owned and/or operated by any Answering Defendant.**

28.     Dancers have no other opportunities to earn money at the Defendants' campground.

**<u>ANSWER:</u>     Answering Defendants deny.**

29.     In order to ensure Dancers are available and ready to work at the Resort, Defendants require some Dancers to sleep at the Resort.

**<u>ANSWER:</u>     Answering Defendants deny.**

30.     Although engaged to wait in this manner, Defendants do not pay Dancers minimum wage and overtime to stay in dancer lodgings at the Resort, but rather charge Dancers a nightly fee to use the Resort's accommodations.

**<u>ANSWER:</u>     Answering Defendants deny.**

31.     Despite the Dancers' "independent contractor" status, the Defendants exert substantial control over Dancers by enforcing policies and procedures that:

> a.     Control Dancers' schedules, including the days Dancers work and the times they start and end their shifts;
>
> b.     Control how Dancers report to and from their shifts;
>
> c.     Control what articles of clothing the Dancers must remove during their performances;
>
> d.     Control the prices Dancers charge customers for their work; and
>
> e.     Control the types of dances Dancers may perform, the Dancers' conduct during their performances, and the amount of physical contact between Dancers and their customers during performances.

**<u>ANSWER:</u>     Answering Defendants deny.**

32.     Despite the Dancers' "independent contractor" status, the Dancers' work does not exhibit the traditional hallmarks of an independently-run business:

> a.     Dancers do not own and operate separate business entities;
>
> b.     Dancers do not use their own equipment during performances;
>
> c.     Dancers have little or no opportunity to exercise their own business judgment with regards to their work.

**ANSWER:    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny same.**

33.    Dancers are not independent contractors, but rather employees of the Defendants, entitled to minimum wages and overtime.

**ANSWER:    Answering Defendants deny.**

34.    Defendants' policy and practice of not paying Dancers minimum wages and overtime for the work they perform at the Resort is "willful" within the meaning of 29 U.S.C. § 255 (a) and equivalent state law.

**ANSWER:    Answering Defendants deny.**

ANSWER TO CLASS ALLEGATIONS

35.    Plaintiff seeks to represent two distinct classes:  (a) an FLSA class (Counts 1-3); and (b) a Wisconsin class (Counts 4 – 8).

      a.    The FLSA class (Counts 1 – 3) consists of all current and former Dancers who have worked for Defendants without proper compensation within the past three years.  The named Plaintiff can demonstrate a "colorable basis" that other members of the FLSA class were victims of common decisions, policies, or plans with similarly situated issues.

      b.    The Wisconsin class consists of all Wisconsin citizens who meet the criteria set forth in subparagraph (a), but who assert their claim pursuant to Counts 4 – 8.

**ANSWER:    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny same.**

36.    There are questions of fact and law common to both classes, including the following:

      a.        Whether Defendants control Dancers' schedules.

      b.        Whether Defendants control what Dancers wear during their performances.

      c.        Whether Defendants control prices for Dancers' private dances.

      d.        Whether Defendants control how Dancers perform their dances.

      e.        Whether Dancers own and operate their own individual businesses.

      f.        Whether Dancers exercise their own business judgement in their work.

      g.        Whether Defendants improperly classify Dancers as independent contractors.

      h.        Whether Defendants fail to pay Dancers a minimum wage.

      i.        Whether Defendants fail to pay Dancers overtime wages.

      j.        Whether Defendants' nightly tip-outs are unlawful deductions from Dancers' tips and/or wages.

      k.        Whether or not Defendants are unjustly enriched by Dancers' work.

      l.        Whether or not Defendants are unjustly enriched by Dancers' payment of nightly tip-outs.

      m.        Whether Defendants are liable to Dancers for attorney's fees associated with this action.

      n.        Whether Defendants failure to pay Dancers minimum wage and overtime is "willful" under state and federal laws.

      o.        Whether Defendants are liable to Dancers for liquated damages under state and federal laws.

**ANSWER:**    **The allegations set forth in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations set forth in this paragraph are deemed factual, Answering Defendants deny.**

37.     The Plaintiffs' claims are typical of the class they seek to represent.  Moreover, the questions of law or fact common to the class members predominate over any questions affecting only individual members, as all class members are current or former employees who were not paid minimum wage, were not properly paid overtime wages, and were unlawfully divested of their tips by Defendants.

**ANSWER:     The allegations set forth in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations set forth in this paragraph are deemed factual, Answering Defendants deny.**

38.     Plaintiffs will fairly and adequately protect the interests of the class.  The interests of the named Plaintiffs are coincident with, and not antagonistic to, those of the class.

**ANSWER:     The allegations set forth in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations set forth in this paragraph are deemed factual, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny same.**

39.     The named Plaintiffs are represented by competent counsel that is experienced in complex litigation, business and employment law, personnel management, computer technology and electronic discovery.  Counsel is licensed to practice in Wisconsin and has been admitted to practice before the U.S. District Court for the Western District of Wisconsin.

**ANSWER:     The allegations set forth in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations set forth in this paragraph are deemed factual, Answering Defendants are without knowledge or information**

sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny same.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy and is consistent with the legislative history and objectives of the Fair Labor Standards Act.

**ANSWER:     The allegations set forth in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations set forth in this paragraph are deemed factual, Answering Defendants deny.**

41.     Maintenance of this action as a class action will promote equitable administration of justice because pursing claims on an individual basis would be disproportionately expensive.

**ANSWER:     The allegations set forth in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations set forth in this paragraph are deemed factual, Answering Defendants deny.**

42.     The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of that class that would establish incompatible standards of conduct for Defendants.

**ANSWER:     The allegations set forth in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations set forth in this paragraph are deemed factual, Answering Defendants deny.**

ANSWER TO COUNT 1
FAILURE TO PAY MINIMUM WAGE UNDER THE FAIR LABOR STANDARDS ACT

43.     Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:    Answering Defendants reallege and incorporate all preceding paragraphs of their Answer as if fully set forth herein.**

44.    During the (3) three years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay Plaintiffs and class members for their work at the Resort as described in the paragraphs above.  In so doing, Defendants have failed to pay Plaintiffs and the class members a federal minimum wage for hours worked that constitute less than a total of 40 hours in a single week, as required by 29 U.S.C. § 206(a).

**ANSWER:    Answering Defendants deny.**

45.    Defendants violation of 29 U.S.C. § 206(a) is "willful" within the meaning of 29 U.S.C. § 255(a).

**ANSWER:    Answering Defendants deny.**

ANSWER TO COUNT 2
FAILURE TO PAY OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

46.    Plaintiffs re-allege and incorporate the preceding paragraphs, as if fully set forth herein.

**ANSWER:    Answering Defendants reallege and incorporate all preceding paragraphs of their Answer as if fully set forth herein.**

47.    During the three (3) years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay Plaintiffs and the class members their work at the Resort as described in the paragraphs above.  In doing so, Defendants have failed to pay Plaintiffs and the class members at the rate of one and one half (1½) times their regular hourly rate of pay for all hours that they worked in excess of 40 hours in a single week, as required under 29 U.S.C. § 207(a).

15

**ANSWER:     Answering Defendants deny.**

48.     Defendants' violation of 29 U.S.C. § 207(a) is "willful" within the meaning of 28 U.S.C. § 255(a).

**ANSWER:     Answering Defendants deny.**

ANSWER TO COUNT 3
UNLAWFUL RETENTION OF TIPS UNDER FAIR LABOR STANDARDS ACT

49.     Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:     Answering Defendants reallege and incorporate all preceding paragraphs of their Answer as if fully set forth herein.**

50.     Defendants' tip out fees are unlawful deductions of the class members' tips or wages in violation of the FLSA.

**ANSWER:     Answering Defendants deny.**

ANSWER TO COUNT 4
FAILURE TO PAY MINIMUM WAGE UNDER WISCONSIN LAW
WIS. STAT. §109.03(5)

51.     Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:     Answering Defendants reallege and incorporate all preceding paragraphs of their Answer as if fully set forth herein.**

52.     The time Plaintiffs and class members spent engaged in the activities described in the above paragraphs is compensable under Wis. Admin. Code § DWD 272.12.

**ANSWER:     Answering Defendants deny.**

53.     Defendants have failed to pay Plaintiffs and class members a State minimum wage for hours worked that constitute less than a total of 40 hours in a single week as required by Wis. Stat. § 104.035 and Wis. Admin. Code § DWD 272.03.

**ANSWER:     Answering Defendants deny.**

ANSWER TO COUNT 5
FAILURE TO PAY OVERTIME UNDER WISCONSIN LAW
WIS. STAT. § 109.03(5)

54.     Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:     Answering Defendants reallege and incorporate all preceding paragraphs of their Answer as if fully set forth herein.**

55.     Defendants have failed to pay Plaintiffs and class members for the activities described in the above paragraph at the rate of one and one half (1½) times their regular hourly rate of pay for all hours that they have been employed in excess of 40 hours in a single week, as required by Wis. Stat. §§ 104.02, 109.03, and Wis. Admin. Code § DWD 274.03.

**ANSWER:     Answering Defendants deny.**

ANSWER TO COUNT 6
UNLAWFUL RETENTION OF TIPS UNDER WISCONSIN LAW

56.     Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:     Answering Defendants reallege and incorporate all preceding paragraphs of their Answer as if fully set forth herein.**

57.     Defendants' tip out fees are unlawful deductions of the class members' tips or wages in violation of Wisconsin Statute § 103.455.

**ANSWER:     Answering Defendants deny.**

17

<u>ANSWER TO COUNT 7</u>
CONVERSION

58.     Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

**<u>ANSWER:</u>   Answering Defendants reallege and incorporate all preceding paragraphs of their Answer as if fully set forth herein.**

59.     Defendants converted Dancers' rightful property when they unlawfully retained class members' tips.

**<u>ANSWER:</u>   Answering Defendants deny.**

<u>ANSWER TO COUNT 8</u>
UNJUST ENRICHMENT

60.     Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

**<u>ANSWER:</u>   Answering Defendants reallege and incorporate all preceding paragraphs of their Answer as if fully set forth herein.**

61.     Defendants are unjustly enriched by class members' work performed at the Resort an tip-outs paid to Defendants.

**<u>ANSWER:</u>   Answering Defendants deny.**

**<u>AFFIRMATIVE DEFENSES</u>**

And as and for their Affirmative Defenses to the Plaintiffs' First Amended Complaint, Answering Defendants assert the following affirmative defenses:

1.  The Plaintiffs have, in one or more respects, failed to state a claim upon which relief can be granted.

2.  The Plaintiffs' putative class and collective action claims fail, in whole or in part, because the Plaintiffs have failed to adequately plead and establish the necessary elements for a collective action pursuant to the Fair Labor Standards Act.

3.  The Plaintiffs' putative class and collective action claims fail, in whole or in part, because the Plaintiffs have failed to adequately plead and establish the necessary elements for a class action pursuant to Fed. R. Civ. P. 23.

4.  The Plaintiffs' putative class and collective action claims fail because the Plaintiffs are not a proper representative of the putative classes they purport to represent in that they do not share common issues of fact or law with the putative class members, whose individual circumstances differed from the Plaintiffs.

5.  The Plaintiffs' putative class and collective action claims fail because the questions of law and fact presented in the First Amended Complaint are not common to the proposed class.

6.  The First Amended Complaint, and each claim contained therein, fails, in whole or in part, because the Plaintiffs and the proposed class members were, at all times, properly and timely paid all amounts due to them, as required by law.

7.  The First Amended Complaint, and each claim contained therein, fails because, at all relevant time, the Plaintiffs and all putative class members were not employees of any of the Answering Defendants.

8.  The First Amended Complaint, and each claim contained therein, fails, in whole or in part, because Answering Defendants have a reasonable, honest, good faith belief that all acts and omissions, if any, affecting the Plaintiffs and the proposed class members were made by Answering Defendants solely for legitimate,

business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendants understood them.

9. The Plaintiffs' claims and those of the proposed class members are barred, in whole or in part, by the equitable doctrine of waiver.

10. The First Amended Complaint, and each cause of action alleged therein, fails, in whole or in part, to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207.

11. The First Amended Complaint, and each cause of action alleged therein, fails, in whole or in part, because the Plaintiffs and the proposed class members failed to raise these claims in a timely fashion.

12. The claims alleged by the Plaintiffs and the proposed class members are barred, in whole or in part, by the applicable statutes of limitation, under state and federal law.

13. The First Amended Complaint, and each cause of action alleged therein, fails to state a claim for penalties for alleged wage violations under either Wisconsin law or the Fair Labor Standards Act because there is a good faith dispute as to Answering Defendants' obligation to pay any wages which may be found to be due, if any.

14. The First Amended Complaint, and each cause of action alleged therein, fails to state a claim for penalties for alleged wage violations under Wisconsin law or the Fair Labor Standards Act because Answering Defendants did not act willfully or

with knowledge or reckless disregard as to whether its conduct violated state and/or federal wage and hour laws.

15. The First Amended Complaint, and each cause of action alleged therein, fails, in whole or in part, because the Plaintiffs and the proposed class members failed to accurately account for all sums received in exchange for the services the Plaintiffs and the proposed class members provided to their respective clients or customers.

16. The First Amended Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent the Plaintiffs and the proposed class members are seeking recovery of damages for alleged injuries they could reasonably have avoided.

17. The Plaintiffs and the proposed class members, with the exercise of reasonable diligence, could have mitigated the alleged monetary damages to themselves. The Plaintiffs and the proposed class members failed to exercise such reasonable diligence and have not mitigated such alleged monetary damages. By reason thereof, they are barred, in whole or in part, from recovering any damages from any Answering Defendant.

18. The causes of action alleged by the Plaintiffs and the proposed class members are barred, in whole or in part, by the doctrine of unclean hands.

19. The Plaintiffs and the proposed class members are precluded from recovering penalties, in whole or in part, under the applicable statutory provisions as, based upon the facts and circumstances of this case, any imposition of penalties would result in an award that is unjust, arbitrary, oppressive and/or confiscatory.

20. Answering Defendants allege and incorporate herein by reference the defenses set forth in Fed. R. Civ. P. 12, Wis. Stat. § 802.02(3) and Wis. Stat. § 802.06(2), as if fully set forth herein, so as to avoid waiver of such defenses pending discovery.

WHEREFORE, Defendants Edge of the Dells, Inc., P.T.B., Inc. d/b/a Cruisin' Chubby's Gentlemen's Club, Kenny's Future, LLC, Living on the Edge Campground & Go-Karts, Inc., Timothy Enterprises, LLC, Southern Heights, LLC, Timothy D. Roberts, Kenneth C. Roberts and Lantz Ray Roberts respectfully request:

1. An order dismissing the Plaintiffs' First Amended Complaint, on the merits and with prejudice;

2. Its costs of suit and reasonable attorneys' fees; and

3. Such other and further relief as the Court deems just and equitable.

Dated:  June 12, 2017.

/s/ Anthony J. Steffek
Laurie E Meyer
State Bar No. 1025405
Anthony J. Steffek
State Bar No. 1053615
Davis & Kuelthau, s.c.
318 S. Washington Street, Suite 300
Green Bay, WI 54301
(920) 435-9378 (Main Line)
*Attorneys for Defendants, Edge of the Dells, Inc., P.T.B., Inc. d/b/a Cruisin' Chubby's Gentlemen's Club, Kenny's Future, LLC, Living on the Edge Campground & Go-Karts, Inc., Timothy Enterprises, LLC, Southern Heights, LLC, Timothy D. Roberts, Kenneth C. Roberts, and Lantz Ray Roberts*

Direct contact information:
Laurie E Meyer          414.225.1419 direct dial
                        414.278.3619 direct fax
                        Laurie.Meyer@dkattorneys.com
Anthony J. Steffek      920.431.2237 direct dial
                        920.431.2277 direct fax
                        asteffek@dkattorneys.com