UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

Teriana Jones and Bethany Morrisey
  On behalf of themselves and a class                      Case No:      17-CV-125
  of employees and/or former employees
  similarly situated,

        Plaintiffs,

               vs.

Cruisin' Chubbies Gentlemen's Club, *et al.*

        Defendants.
_____

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO
FILE DANCER CONSENT FORMS ANONYMOUSLY**
_____

       In an effort to protect putative class members, Plaintiffs requested that Defendants stipulate to allow anonymous filing of dancer consent forms. Plaintiffs' proposal allowed Defendants to learn the dancers' identities so long as they held such information confidential. Defendants rejected the proposal, and therefore Plaintiffs move the Court for an Order allowing the Plaintiffs to file dancer consents anonymously as Jane Roes # 1 - #X.

       The Order is necessary to protect dancers not only from the inherent dangers of exotic dancing, which include the risk of stalking and assault by Club customers, but also to avoid the "chilling effect" on dancers wishing to opt-in, if doing so would expose them to danger, and to prevent retaliation by Defendants and other clubs. Plaintiffs further request an order requiring Defendants and their agents to maintain the dancers' identities as confidential and to redact any such information from future filings.

1

## FACTS

This is a putative Fair Labor Standards Act ("FLSA") collective action and Rule 23 class action brought by plaintiffs Teriana Jones and Bethany Morrissey on behalf of all individuals who currently work, or at any time during the proposed class period have worked, as exotic dancers at Cruisin' Chubbies Gentlemen's Club and resort in Wisconsin Dells, Wisconsin (the "Club").[1]

Plaintiffs allege the exotic dancers are Defendants' employees entitled to minimum wage and overtime pay.[2] Plaintiffs further allege that Defendants engage in unlawful "tip-splitting", requiring Plaintiffs and class members to share their tips with Defendants and their employees.[3] Defendants maintain that dancers are independent contractors not entitled to minimum wage and overtime.[4]

On May 23, 2017, Plaintiffs' counsel requested Defendants stipulate to a protective order allowing Plaintiffs to file dancer consent forms anonymously and requiring the parties to redact dancer contact information from court filings.[5] The proposed stipulation did not prevent Defendants from learning dancer identities; its purpose was only to preclude public dissemination of the dancers' real names, addresses, and telephone numbers for their protection.[6]

On June 5, 2017, Defendants rejected the proposal, stating that dancers *"need to take their own concerns, if any, into consideration when deciding whether to join this lawsuit."*[7]

As the Defendants are aware, exotic dancing is a dangerous business, and anonymity is imperative to maintain dancer safety.[8] Defendants require dancers to expose themselves

---

[1] Dkt. 1
[2] Dkt. 29
[3] Dtk. 29
[4] Dkt. 32
[5] Peterson Dec., ¶6
[6] Id. at ¶9
[7] Id. at ¶11
[8] Jones Dec., ¶5; Morrissey Dec., ¶5

while dancing onstage or performing private dances.[9] Dancers play to customer fantasies, and in exchange, customers pay gratuities, tips, and private dance fees.[10]

Customers come from all backgrounds.[11] While most understand dancers are performing an act, some do not understand the distinction or simply do not care.[12] These are the customers who try to grope the dancers while they work, who proposition them, and who call them obscenities at the Club.[13]

But the danger to dancers is not confined to the Club.[14] There can be dire consequences for a dancer if a deranged customer learns her real name or address.[15] It is not uncommon for dancers to be stalked by customers, whether in person or over social media, leading to continued, long-term harassment and, in some instances, sexual assault.[16]

Because of these dangers, anonymity is a hallmark of the profession.[17] Most, if not all dancers do not use their real names with customers.[18] Instead, each dancer has her own "stage name" that provides a buffer between the dancer and Club customers.[19] This is an industry-wide practice, and some clubs even require dancers to use pseudonyms for their own safety.[20]

The social stigma associated with exotic dancing also affects dancers in their day-to-day lives.[21] Common sense dictates that full disclosure of a dancer's work would not weigh in her favor on a job application, a rental application, a loan application or a college application.[22] It is not uncommon for a dancer to be precluded from such endeavors if her work as a dancer becomes known.[23] Furthermore, it is not surprising to learn many

---

[9] Jones Dec., ¶7; Morrissey Dec., ¶6
[10] Jones Dec., ¶6; Morrissey Dec., ¶9
[11] Jones Dec., ¶8; Morrissey Dec., ¶7
[12] Jones Dec., ¶8; Morrissey Dec., ¶8, 9
[13] Jones Dec., ¶9; Morrissey Dec., ¶11
[14] Jones Dec., ¶15; Morrissey Dec., ¶13
[15] Jones Dec., ¶18-21; Morrissey Dec., ¶17, 18
[16] Jones Dec., ¶18-23; Morrissey Dec., ¶14-17
[17] Jones Dec., ¶29-32; Morrissey Dec., ¶20-22
[18] Id.
[19] Id.
[20] Id.
[21] Jones Dec., ¶26-28; Morrissey Dec., ¶23-25
[22] Id.
[23] Id.

dancers are ridiculed in their private lives by those who learn they are exotic dancers.[24] Anonymity is therefore crucial to maintain dancers' private lives as well.

Despite the danger and prejudice, many dancers continue to dance simply to make ends meet.[25] Many are single mothers who depend on the income they generate from dancing to support their families.[26]

Plaintiffs Teriana Jones and Bethany Morrissey have experienced the dangers of dancing firsthand. In 2016, a Club customer followed Teriana home and vandalized her car while she slept.[27] A Sheriff's Deputy who frequented the Club harassed Teriana after learning her identity and contact information, waiting for her outside the Club, stalking her on social media, and sending her inappropriate texts and pictures.[28] Most disturbingly, in 2016 a customer learned Teriana's identity. He harassed her, stalked her, and eventually sexually assaulted her.[29]

Bethany has been harassed and even physically assaulted by customers at Cruisin' Chubbies on many occasions.[30] She is aware of others who have as well. Bethany has been followed home by a customer on one occasion, and followed to her car on numerous occasions by drunken customers who would try to proposition her.[31]

Defendants are aware of the dangers associated with dancing and hire bouncers to watch over the dancers while they work at the Club.[32] If a customer engages in inappropriate or offensive behavior, the bouncers remove that customer from the Club.[33] Furthermore, at the end of the night, Defendants require dancers to wait before leaving the Club until the parking lot is empty.[34] When there is no one left in the parking lot, bouncers escort dancers to their vehicles for their safety.[35]

---

[24] Id.
[25] Jones Dec., ¶25; Morrissey Dec., ¶27
[26] Id.
[27] Jones Dec., ¶18
[28] Id. at ¶19
[29] Id. at ¶20
[30] Morrissey Dec., ¶ 12
[31] Id. at ¶16
[32] Jones Dec., ¶11; Morrissey Dec., ¶29, 31
[33] Jones Dec., ¶12; Morrissey Dec., ¶31
[34] Id.
[35] Id.

4

Since filing this lawsuit, plaintiff Teriana Jones has been turned away by every dance club except for one.[36] She has been forced to seek work in other fields. Plaintiff Bethany Morrissey has left dancing and is therefore unaffected in this regard.[37]

Despite fears of retaliation, assault and prejudice, plaintiffs Teriana Jones and Bethany Morrisey made personal decisions to not file this lawsuit anonymously.[38] Both believed that by bringing the action under their legal names, they would encourage other dancers to overcome their fears of joining the lawsuit.[39]

Not all dancers are as brave as Teriana and Bethany, however, and their fears are justified. Plaintiffs' counsel has been contacted by many Club dancers since filing the initial complaint. At present, eight dancers desire to file consents with the Court. Plaintiff's counsel is in possession of five signed consent forms and is awaiting three consent forms via US-Mail, but is under strict instruction from the consenting dancers not to file them unless and until their identities are protected. Other dancers have contacted the named Plaintiffs and voiced their support for the lawsuit, but are afraid their identities will become public if they choose to opt in.

## LAW

Rule 10(a) of the Federal Rule of Civil Procedure provides that the complaint must state the names of all parties to a suit, instantiating the principle that judicial proceedings are to be conducted in public *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F. 3d 869, 872. Identifying the parties to a proceeding is an important dimension of publicness, as the People have a right to know who is using their courts. Id. Moreover, defendants may be prejudiced if precluded from learning their opponents' identities. *Doe v. City of Chicago*, 360 F.3d 667, 669 (2004).

There are exceptions, however. "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff exceeds the likely harm from

---

[36] Jones Dec., at ¶26
[37] Morrissey Dec., at ¶28
[38] Jones Dec., ¶40; Morrissey Dec., ¶35
[39] Jones Dec., ¶41; Morrissey Dec., ¶35

concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (2004). A party may therefore proceed anonymously by demonstrating "exceptional circumstances" that outweigh both the public policy in favor of identified parties and the prejudice that may result from anonymity. *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (2016).

Exceptional circumstances include protecting the identities of children, rape victims, torture victims, closeted homosexuals, and any other particularly vulnerable parties. *Doe v. City of Chicago*, 360 F.3d 667, 669 (2004); *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (2016), citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (1997).

Anonymity is also warranted when the litigant is a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing. *Doe v. City of Chicago*, 360 F.3d 667, 669 (2004); *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (2016). In fact, the danger of retaliation is often a compelling ground for allowing a party to litigate anonymously. *Id.*

Therefore, when considering whether to allow a party to proceed anonymously, the correct standard is for the court to balance the stated reasons supporting anonymity against the public's and parties' rights to the identities of the parties and the potential prejudice to the opposing parties. *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (2016).

Although not controlling on this Court, California's Northern District recently had the opportunity to determine the appropriateness of anonymity in a wage and hour collective/class action involving exotic dancers. In *Jane Roes 1-2 v. SFBSC Management, LLC*, 77 F.Supp.3d 990 (2015), the two plaintiff dancers moved the court for an order allowing them to proceed anonymously and to file dancer consent forms under seal. As in our case, the plaintiffs cited privacy concerns, social stigma, and fears of harm and retaliation to support their motion. *Jane Roes 1-2 v. SFBSC Management, LLC*, at 994. The defendants argued that embarrassment and social stigma did not justify anonymity, and that anonymity would impede discovery and deny the defendants thier *res judicata* defenses in the future. *Id.* Balancing the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the

6

opposing party, the court in *SFBSC Management* found that "the plaintiffs' interest in safeguarding their personal well-being outweighs the public's interest in knowing the plaintiffs' identities" as well as the perceived unfairness to the defendants. *Id*. at 995.

## ARGUMENT

It is important to understand that our case is different from those cited above. Unlike in *SFBSC Management*, the Plaintiffs in our case do not seek to litigate anonymously. They have revealed their names to the public and to the Defendants. They also do not seek to prevent Defendants from learning the identities of consenting dancers. The Plaintiffs only seek to protect dancers who would benefit from this litigation, but who are fearful that opting-in would expose their identities to the public, thereby exposing them to danger, stigma, ridicule and retaliation. As such, the interests of the public and the defendants in our case do not rise to the same level as existed in the fully anonymous proceedings above.

With that distinction in mind, the common thread in cases allowing for anonymous litigation is that *the plaintiffs are vulnerable to danger*. The appended affidavits show the Court there is a very real risk to these women if their names and contact information were publicized, and that they deserve the same protections afforded other vulnerable parties.

The public's interest in learning opt-in dancer names is outweighed by the fact that a public outing of these dancers would expose them *and their families* to potential harassment, stalking, assault, prejudice, ridicule and retaliation. These dangers rise far above concerns of mere embarrassment and are sadly part and parcel of life as an exotic dancer.

The Defendants cannot deny the clear and present danger to the dancers. They take active measures to ensure dancers' safety on a day-to-day basis. Defendants participate in the use of stage names to protect dancer identities. They hire bouncers to watch over dancers and to eject problem patrons from the Club. They require dancers to wait at the Club at the end of the night until all customers have left, and the parking lot is clear, before bouncers escort the dancers to their vehicles or rides. To the Defendants' credit, these are the actions of a concerned employer.

The Defendants will not be prejudiced by the order sought with this motion. Like the proposed stipulation, the order would not preclude Defendants from learning the dancers' identities. Nevertheless, Defendants would not agree to allow anonymous filing of consents, stating instead that dancers *"need to take their own concerns, if any, into consideration when deciding whether to join this lawsuit."* Dancers should not have to take their lives and safety into their own hands just to pursue their rights to minimum wage and overtime.

## CONCLUSION

For the reasons, stated above, the dancers' need for anonymity outweighs the public's interest in learning the opt-in dancers' identities, as well as any perceived unfairness to Defendants.

Dated this 18th day of August, 2017.

**MOEN SHEEHAN MEYER, LTD.**

/s/ Justin W. Peterson
Justin W. Peterson (SBN 1087366)
Attorney for Plaintiffs
201 Main Street, Suite 700
La Crosse, WI 54601
(608) 784-8310
jpeterson@msm-law.com