UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Teriana Jones, et al.

               Plaintiffs,

       v.

P.T.B., Inc., et al.

               Defendants.

Case No.  17-C-125

Honorable William M. Conley

---

**P.T.B., INC.'S BRIEF IN SUPPORT OF MOTION TO COMPEL
AGAINST TERIANA JONES**

---

## <u>INTRODUCTION</u>

By filing this action, claiming she was not properly compensated as an exotic dancer at Cruisin' Chubbys Gentlemen's Club in Wisconsin Dells, Wisconsin, Plaintiff Teriana Jones ("Jones") put her income at issue before the Court.  Defendant P.T.B., Inc. ("PTB"), confused by Jones's allegations, did what any responsible FLSA defendant would do – it asked Jones to provide information about her past income from Cruisin' Chubbys, including her income tax returns.  This information is critical to determine what, if anything, Jones is lawfully owed by which, or any, defendant in this matter or, at the very least, get a gauge on what it might take to resolve this matter without further burden on the parties and the court system.

Initially, Jones partially complied with these requests, producing her 2016 income tax returns.  She now refuses, however, to produce her 2014 and 2015 income tax returns, first blaming an inability to retrieve them from her accounting professional and now asserting that the returns are not discoverable.

Regardless of what excuse Jones decides to use, these materials, which clearly are in her possession, custody or control, are discoverable in this case.   They need to be produced. Therefore, and as more fully explained below, the Court should order Jones to produce her 2014 and 2015 income tax returns.

### STATEMENT OF FACTS RELEVANT TO THIS MOTION

In her Amended Complaint, Jones made the following allegations: that she "often effectively receive[d] no pay for the hours [she] worked for Defendants at the Resort's exotic nightclub[;]" that "Defendants do not pay Dancers minimum wage or overtime for Dancers' work at the adult campground[;]" and that "Defendants require some Dancers to sleep at the Resort" and "do not pay Dancers minimum wage and overtime to stay in dancer lodgings at the Resort, but rather charge Dancers a nightly fee to use the Resort's accommodations."[1]   (Am. Compl. [Dkt. #29], ¶¶ 25, 27, 29-30.)

To investigate these serious allegations, on August 10, 2017, PTB served various discovery requests on Jones, including the following:

Request for Admission No. 8:        Admit that you never participated in any nude events at the Campground.

Request for Admission No. 9:        Admit that you never provided any services, of any type or nature, at the Campground.

Request for Admission No. 10:       Admit that you were never required to sleep at or in any premises owned or operated by any defendant in this matter.

(Steffek Decl., Ex. 1, p.6.)  Interestingly, Jones responded to these Requests for Admission with unqualified admissions – admissions that directly contradict the allegations she advanced in her Amended Complaint.  (Steffek Decl., Ex. 2.)

---

[1] An explanation of the terms "exotic nightclub," "adult campground" and "Resort" is not necessary for purposes of this Motion.

PTB's discovery requests also included interrogatories, including the following:

Interrogatory No. 9:  In Paragraph 25 of your Amended Complaint in this matter, you alleged, "[a]s a result of this pay structure, Dancers often effectively receive no pay for the hours they worked for Defendants at the Resort's exotic nightclub."  Identify all dates on which you received no pay for the time you provided any services at Cruisin' Chubbys."

Interrogatory No. 13:  State the total amount of money you have received, in whatever form (dance fees, tips, etc.), in exchange for any services you provided at any premises owned and/or operated by any defendant in this matter for the period of January 1, 2014, to the present.

(Steffek Decl, Ex. 1, pp. 8, 9.)   Jones did not substantively respond to either of these interrogatories, instead asserting that she cannot answer these questions without first receiving information from the defendants.  (Steffek Decl., Ex. 3, pp. 2-3, 4-5, 5-6.)

Finally, PTB asked Jones to produce her income tax returns for the years 2014, 2015, and 2016, the years relevant to this lawsuit.  (Steffek Decl., Ex. 1, p. 10.)  Jones produced her income tax return for the year 2016.  (Steffek Decl, ¶ 5.)  In this return, Jones claimed she was paid in excess of ten thousand dollars by Cruisin' Chubbys Gentlemen's Club during the first five months of 2016.  (Steffek Decl., ¶ 5.) In conjunction with doing so, Jones asserted that "[w]e will supplement our responses with the Plaintiff's 2014 and 2015 tax returns upon receipt."  (Steffek Decl, Ex. 3, p. 8.)

Prior to Jones submitting her responses to PTB's discovery requests, counsel for PTB and Jones had spoken about the status of same on a few occasions, with Jones's counsel indicating that he and Jones were having trouble obtaining Jones's 2014 and 2015 tax returns from her accounting professional.  (Steffek Decl., ¶ 6.)  After receiving Jones's responses, counsel again discussed the status of Jones's production of her tax returns via telephone conference on October 25, 2017.  (Steffek Decl., ¶ 6.)  Jones's counsel again indicated trouble obtaining Jones's tax

returns from the accounting professional, indicating that he had been informed that the accounting professional was making certain amendments to such returns.  (Steffek Decl., ¶ 6.) Counsel followed this up with any e-mail on November 9, 2017, indicating: "As far as Teriana's taxes, her accountant has been amended (sic) them for some reason or other.  It's difficult to get a hold of her.  I'm thinking I would just send you the amended returns when I have them." (Steffek Decl., Ex. 4.)

Having been over three months since serving the discovery requests, and having received no real explanation as to why the original returns could not be produced, PTB's counsel sent Jones' counsel a letter on November 15, 2017, indicating that if Jones did not produce the subject income tax returns by November 22, 2017, PTB would be filing a motion to compel.  (Steffek Decl., Ex. 5.)  PTB's counsel did not receive any response to this correspondence.  (Steffek Decl., ¶ 9.)  PTB's counsel sent another e-mail demand for the tax returns on December 13, 2017.  (Steffek Decl., Ex. 6.)  In response, Jones's counsel simply asserted that the returns would not be produced.  (Steffek Decl., Ex. 7.)

## **ARGUMENT**

### A.    **Legal Standards.**

A party may seek an order compelling discovery if the opposing party has refused to produce documents pursuant to a request under Rule 34.  Fed. R. Civ. P. 27(a)(3)(B)(iv).  District courts have broad discretion in ruling on matters relating to discovery.  See, e.g., Packman v. Chicago Tribune Co., 267 F.3d 628, 646-47 (7th Cir. 2001).  In ruling on motions to compel discovery, courts consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering

the truth-seeking function in the particular case before the court." Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (internal quotation and citations omitted).

"[T]here is a strong public policy in favor of disclosure of relevant materials." Id. As a result, "[t]he burden is on the objecting party to show why a particular discovery request is improper." E.E.O.C. v. Klockner H&K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citations omitted).

**B.**     **The Income Tax Returns are in Jones's Possession, Custody or Control.**

Jones's 2014 and 2015 income tax returns are in her possession, custody or control. Assuming compliance with all applicable laws, Jones should have received copies of the returns from her accounting professional. See 26 C.F.R. § 1.6107-1(a) ("[a] person who is a signing tax return preparer of any return of tax or claim for refund of tax under the Internal Revenue Code shall furnish a completed copy of the return or claim for refund to the taxpayer"). In addition, her accounting professional should have copies of same. See 26 C.F.R. § 1.6107-1(b) ("[a] person who is a signing tax return preparer of any return or claim for refund shall … [r]etain a completed copy of the return or claim for refund" for "the 3-year period following the close of the return period during which the return or claim for refund was presented for signature to the taxpayer").

If the only copies of these returns available to Jones are possessed by her accounting professional, the returns are still within her possession, custody or control. A party is in possession, custody or control of documents held by another party if it can mandate or order the other party to turn over the documents to the requester. See Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1426 (7th Cir. 1993). "In determining whether or not a party exercises 'control,' courts ask whether a party has a legal right to obtain the documents requested upon

demand; actual physical possession is not required." <u>Flavel v. Svedala Indus., Inc.</u>, No. 92-C-1095, 1993 WL 580831, *3 (E.D. Wis. Dec. 13, 1993).[2]   This is because "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." <u>Bank of New York v. Meridien BIAO Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 146 (S.D.N.Y. 1997).

Copies of the 2014 and 2015 income tax returns held by Jones's accounting professional are in Jones's possession, custody or control.   If Jones requests copies of the returns, the accounting professional, by law, has to provide her with a copy.   31 C.F.R. § 10.28(a), (b) ("a practitioner must, at the request of a client, promptly return any and all records of the client that are necessary for the client to comply with his or her Federal tax obligations," which include any return or claim for refund prepared by the practitioner).   The returns, accordingly, are within Jones's possession, custody or control.

## C.    **The Income Tax Returns are Discoverable.**

In this matter, Jones claims she was an employee of the defendants under the FLSA.   (<u>See</u> Am. Compl.)   The defendants, including PTB, disagree, and assert that Jones either (a) never worked for certain specific defendants, in any manner whatsoever, or (b) provided exotic dancer services as an independent contractor, rather than as an employee.   (<u>See</u> Answer and Aff. Defenses (Dkt. #32); Jt. Rule 26(f) Report (Dkt. #26).)   As explained below, the income tax returns of an FLSA plaintiff such as Jones are relevant, material, and, therefore, discoverable.

At the outset, PTB acknowledges the confidentiality of income tax returns the public policy against a general requirement of producing same in litigation.   <u>Fed. Sav. & Loan Ins. Corp. v. Krueger</u>, 55 F.R.D. 512, 514 (N.D. Ill. 1972).   However, as the Seventh Circuit and various courts within our circuit have made clear, if a party makes income an issue, the party's

---

[2] Steffek Decl., Ex. 8.

income tax returns are proper subjects of discovery.  Id. ("[u]nless a litigant himself makes an issue of his income, his income tax returns are not subject to discovery").

In In re Fedex Ground Package System, Inc., No. 3:05-MD-527 RM, 2006 WL 3755311 (N.D. Inc. Dec. 14, 2006), an FLSA case much like ours, one of the overarching issues was "the classification of certain package delivery drivers as independent contractors rather than employees."  Id. at *2.[3]  In overturning a magistrate judge's denial of the defendants' motion to compel production of the plaintiffs' income tax returns, the district court held:

> [B]y claiming to be an employee under the FLSA and the FMLA, the plaintiffs have their income at issue, and because the parties dispute the nature of their business relationship, the court finds the information contained in the plaintiffs' tax returns to be both relevant and material to the issues in this case.

Id. at *4.

In making that decision, the Northern District of Indiana relied on Poulos v. Naas Foods, Inc., 959 F.2d 69 (7th Cir. 1992).  While the Seventh Circuit analyzed a law other than the FLSA in Poulos, its decision in that case, and the concepts supporting same, are relevant here.  There, a terminated sales representative brought a claim against his former employer under the Wisconsin Fair Dealership Law.  Id. at 70.  The defendants repeatedly requested the plaintiff to document his income, which included requests for the plaintiff's income tax returns, as his claims pertained to his income.  Id. at 74.  The plaintiff repeatedly refused to do so, asserting Fifth Amendment grounds.  Id.  After finding that "[t]ax returns in the hands of a taxpayer are not privileged[,] id., the Seventh Circuit held that the plaintiff "was properly compelled to produce his tax returns."  Id. at 75.  In doing so, the court stated that the plaintiff "himself put the level and sources of his income at issue both by claiming to be a dealer under the WFDL and by claiming

---

[3] Steffek Decl., Ex. 9.

damages following the termination of his contract with Nass." Id.  This precedent confirms that Jones's income tax returns are relevant in this case.

Based on other discovery responses PTB has received in this matter, it is likely Jones will argue, in response to this motion, that her income tax returns are beyond the proper scope of discovery in this case, relying on Hart v. RCI Hospitality Holdings, Inc., 90 F.Supp.3d 250 (S.D.N.Y. 2015).  That decision is distinguishable from the current dispute, however, as the question called in that case was whether the plaintiff exotic dancers' income tax returns were admissible at trial under Federal Rule of Evidence 904, not whether the returns were discoverable.  See id. at 264-265.  It is indisputable, of course, that discoverability and admissibility at trial are analyzed under different standards, as "[e]vidence need not be admissible in evidence in order to be discoverable." Long v. Harring, No. 16-CV-779-slc, 2017 WL 6028536, *5 (W.D. Wis. Dec. 5, 2017).[4]

But, if we're going to base arguments on cherry-picked non-precedential decisions, perhaps the best fruit is Rafeedie v. L.L.C., Inc., No. A-10-CA-743 LY, 2011 WL 5352826 (W.D. Tex. Nov. 7, 2011).[5]  In that case, the defendants filed a motion to compel, requesting the court to order the plaintiff exotic dancers to produce their income tax returns.  Id. at 2.  In so moving the court, the defendants argued that the "tax returns [were] relevant to the determination of whether Plaintiffs were independent contractors or employees under the FLSA, as well as the amount of damages at issue." Id.  The court granted the motion to compel, stating that "the information on Plaintiff's tax returns is relevant" and relying on Fifth Circuit precedent that "has looked to the income and deductions in a plaintiff's tax returns in examining whether a plaintiff

---

[4] Steffek Decl., Ex. 10.
[5] Steffek Decl., Ex. 11.

was an employee or independent contractor under the FLSA." Id.  Of the persuasive decisions, this is directly on point in our case.

By claiming she was an employee of the defendants, including PTB and that said defendants failed to pay her minimum wage and overtime in compliance with the FLSA, Jones put her income at issue.  Her tax returns are relevant to this issue, as well as to whether Jones was an employee of any of the defendants.  As the returns are within her control and are discoverable, the Court should order their immediate production.

## CONCLUSION

For the foregoing reasons, the Court should grant PTB's motion to compel.

Dated:  December 19, 2017.

/s/ Anthony J. Steffek
Laurie E Meyer
State Bar No. 1025405
Anthony J. Steffek
State Bar No. 1053615
Attorneys for Defendant P.T.B., Inc.
318 S. Washington Street
Suite 300
Green Bay, WI 54301
920.435.9378

OF COUNSEL:
Davis & Kuelthau, s.c.

Direct contact information:

Laurie E Meyer                414.225.1419 direct dial
                             414.278.3619 direct fax
                             Laurie.Meyer@dkattorneys.com

Anthony J. Steffek           920.431.2237 direct dial
                             920.431.2277 direct fax
                             asteffek@dkattorneys.com