UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Teriana Jones, et. al.,

        Plaintiffs,

v.

Edge of the Dells, Inc., et al.

        Defendants.

Case No.  17-cv-00125-jdp

Honorable James D. Peterson

---

## BRIEF IN SUPPORT OF MOVING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

NOW COME Edge of the Dells, Inc., Living on the Edge Campground & Go-Karts, Inc., Kenny's Future, LLC, Timothy Enterprises, LLC, and Southern Heights, LLC, each a defendant in this action (collectively, "Moving Defendants"), by their attorneys, Davis & Kuelthau, s.c., and respectfully submit this Brief in support of their Motion for Summary Judgment.

## INTRODUCTION

At the October 2018 trial of this matter, the jury will decide many issues, including whether any individuals who performed as exotic dancers at Cruisin' Chubbys Gentlemen's Club ("Cruisin' Chubbys") did so as independent contractors or as employees. If the jury finds them employees, it will then have to determine their legal employer, as that term is defined in the Fair Labor Standards Act ("FLSA").

At this summary judgment stage, that potential employer pool can be, and should be, narrowed, because, as a matter of law, none of Moving Defendants can be found liable to the plaintiffs in this case. None of them ever employed any exotic dancers, much less any exotic dancers who performed at Cruisin' Chubbys during the applicable period. Their operations are

entirely separate from those of Defendant P.T.B., Inc. ("P.T.B."), which owns and operates Cruisin' Chubbys. The mere fact that members of a single family own and operate each entity does not deem each an employer, despite the plaintiffs' apparent belief to the contrary.

For these reasons, which are explained in detail below, Moving Defendants respectfully request the Court to grant summary judgment in their favor and dismiss each from this matter, with prejudice.

## OVERVIEW OF BACKGROUND FACTS

All of the dispositive facts that Moving Defendants are relying on in submitting their Motion for Summary Judgment are stated in Moving Defendants' Statement of Proposed Findings of Fact, which is being filed and served contemporaneously herewith. A brief summary of the facts pertinent to the current motion is as follows:

P.T.B. is the sole owner and operator of Cruisin' Chubbys. (Moving Defs.' Statement of Prop. Findings of Fact ("DPFOF"), ¶ 62.) The class certified in this matter includes "[a]ny individual who worked as an exotic dancer at Cruisin' Chubbys Gentlemen's Club from February 22, 2014, to the present." (Opinion and Order (Dkt. #101), p. 15.)

None of Moving Defendants own or operate Cruisin' Chubbys. Kenny's Future, LLC ("Kenny's Future"), Timothy Enterprises, LLC ("Timothy Enterprises"), and Southern Heights, LLC ("Southern Heights"), are holding companies that have never had any employees. (DPFOF, ¶¶ 48-75.) Edge of the Dells, Inc. ("Edge of the Dells"), owns and operates a bar and restaurant in Wisconsin Dells. (DPFOF, ¶¶ 1-7.) It has its own employees, pays its own employees, and does not employ exotic dancers as part of its operation. (DPFOF, ¶¶ 8-19.) Also in Wisconsin Dells is a camping resort owned and operated by Living on the Edge Campground & Go-Karts, Inc. ("Living on the Edge"). (DPFOF, ¶¶ 21-27.) Living on the Edge, too, has its own

employees, pays its own employees, and does not employ exotic dancers as part of its operation. (DPFOF, ¶¶ 28-38.)

The only relationship between Moving Defendants and P.T.B. is that Timothy Roberts ("Tim") and his sons, Kenneth C. Roberts II ("Ken") and Lantz R. Roberts ("Lantz"), own and operate each of the entities, either individually or in various combinations. (DPFOF, ¶¶ 2, 23, 50, 59, 70.) The assets of each corporate entity are separate, and each keeps its own books and records. (DPFOF, ¶¶ 8, 20, 28, 40, 53, 56, 64, 67, 72, 75.)

Other specific facts are set forth in the "Argument" section of this Brief, where applicable, with appropriate record citations.

## ARGUMENT

**I. SUMMARY JUDGMENT STANDARD.**

"Summary judgment is appropriate if [the moving party] shows 'that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law.'" Pope v. Espeseth, Inc., 228 F.Supp.3d 884, 889 (W.D. Wis. 2017), quoting Fed. R. Civ. P. 56(a). In deciding summary judgment motions, "the court views all facts and draws all inferences in the light most favorable to" the non-moving party. Id. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Id., quoting Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "To avoid summary judgment, [non-moving parties] 'must set forth specific facts showing that there is a genuine issue for trial.'" Id., quoting Anderson, 447 U.S. at 256, 106 S.Ct. 2505.

## II. NONE OF THE MOVING DEFENDANTS EVER EMPLOYED JONES, MORRISSEY OR ANY OTHER EXOTIC DANCER WHO EVER PERFORMED AT CRUISIN' CHUBBYS.

Only an "employer" may be held liable for violating the FLSA.  See Spoerle v. Kraft Foods Global, Inc., 527 F.Supp.2d 860, 862 (W.D. Wis. 2007) (the FLSA's "core requirement can be reduced to a simple and now uncontroversial proposition: *employers* must pay their employees a wage for all of the 'work' that they do" (emphasis added)).  "The FLSA defines an employer as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'"  Pope, 228 F.Supp.3d at 889, quoting 29 U.S.C. § 203(d).

An employee can, however, have more than one employer with regard to specific work performed.  "Under the FLSA, a joint employment relationship exists when each alleged employer exercises control over the working conditions of the employees."  Id.  "Factors to consider when deciding whether [a party] exercised control over plaintiffs' working conditions include whether [the party] (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of payment; (3) determined the rate and method of payment; and (4) maintained employment records."  Id.  To meet this standard, "'mere conclusory allegations and inferences are not sufficient to prove the required linkage.'"  Gray v. Powers, 673 F.3d 352, 355 (5th Cir. 2012) (citation omitted).  The reviewing court "'must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.'"  Id. (citation omitted).

Importantly, there is no such thing as "enterprise liability" under the FLSA.  Patel v. Wargo, 803 F.2d 632, 637 (11th Cir. 1986).  Along these lines, the simple fact that two or more entities may be related, through common ownership or otherwise, does not automatically deem

4

each entity liable for an alleged FLSA violation of its related entity.  Valdez v. Calton Mgmt., LLC, Civ. No. SA-13-CA-0865-FB, 2015 WL 12552023, at *5 (W.D. Tex. Apr. 13, 2015).

In Patel, the plaintiff filed an FLSA action, alleging minimum wage and overtime violations, against his former employer, the real estate holding company that owned the land on which the employer's facility was located, and the employer's principal shareholders.  803 F.2d at 633.  He argued that the real estate holding company was liable both as a joint employer and because it "was part of an enterprise" with the actual employer and, therefore, "should be held jointly liable for [the employer's] violations of the FLSA."  Id. at 634.

The Eleventh Circuit Court of Appeals rejected both arguments.  As to the "joint employer" argument, the court found that the plaintiff was not an employee of the real estate holding company because he had not contemplated compensation for the occasional tasks he performed for it and because he was not economically dependent on that entity.  Id. at 635.  As for the enterprise argument, the court clarified that "the enterprise analysis [for determining FLSA coverage/applicability] is different from the analysis of who is liable under the FLSA" and that "[t]he finding of an enterprise is relevant only to the issue of coverage."  Id. at 637.  In supporting this conclusion, the court stated:

> The wisdom of our conclusion is apparent when it is realized that a small snack bar is part of an enterprise which also includes a large bus terminal as a separate entity, and that a small leased department is part of an enterprise which also includes as a separate entity a large department store.  If [the plaintiff's] theory were correct, the small snack bar or the small leased department would be liable to the many employees of the large bus terminal or the large department store enterprise notwithstanding the fact that the small snack bar or leased department was under entirely separate ownership from the larger entities in the enterprise.

Id. at 636-37 (citations omitted).  Finally, the court emphasized that the FLSA does not deem the corporate form inconsequential, confirming that "in analyzing liability under the [FLSA], it should not lightly be inferred that Congress intended to disregard … the shield from personal

5

liability which is one of the major purposes of doing business in a corporate form." Id. at 636, quoting Donovan v. Agnew, 712 F.2d 1509, 1513 (1st Cir. 1983).

In Valdez, the plaintiffs, similarly, sued, amongst others, a real estate holding company for their employer's alleged FLSA wage and hour violations. 2015 WL 12552023, at *1. The holding company moved to dismiss the claims, contending that the allegations against it were "based solely on conclusory statements" and that the plaintiffs provided no factual support for its claims against the holding company. Id. The district court agreed and granted the motion, making clear that "in determining whether defendants are employers for purposes of the FLSA, the court applies the 'economic reality' test to *each* individual or entity alleged by plaintiffs to be an employer." Id. at *5 (emphasis in original). The court confirmed that related companies can both be found liable as employers under the FLSA, but it clarified that "'[l]iability for violating an employee's rights under FLSA has attached to a parent corporation for the acts of a subsidiary [but only] when the parent substantially controls the terms and conditions of employment at its subsidiary on a regular basis.'" Id. (citations omitted). Because there had been no evidence that the real estate holding company (the parent) controlled the plaintiffs' conditions of employment at the employer (the subsidiary) on a regular basis, the holding company faced no FLSA liability, despite the fact that the holding company had actually paid overtime wages to the plaintiffs. Id.

Turning to our case, none of Moving Defendants can be held liable as an employer of any individual who performed as an exotic dancer at Cruisin' Chubbys during the relevant period. As for Kenny's Future, Timothy Enterprises and Southern Heights, these are holding companies that have no involvement with Cruisin' Chubbys. (See DPFOF, ¶¶ 48-75.)

As for Edge of the Dells and Living on the Edge, these entities' operations are entirely separate from P.T.B.'s ownership and operation of Cruisin' Chubbys. Each maintains, and pays,

its own employees, none of which are employed to provide exotic dances in conjunction with normal operations. (See DPFOF, ¶¶ 9-19, 29-39.) No exotic dancing or nudity, at any level, is allowed at either Edge of the Dells' bar and restaurant or Living on the Edge's campground. (See DPFOF, ¶¶ 11-19, 31-39.) Furthermore, any allegation that exotic dancers from Cruisin' Chubbys were somehow hired or mandated to participate/perform in nude or exotic events at Edge of the Dells' bar and restaurant is both false, as such events were for patron participation and did not involve nudity, and irrelevant, as any such contest, regardless of details, occurred prior to 2014 and, thus, beyond the statute of limitations applicable in this case. (See DPFOF, ¶¶ 41-47.)

To be frank, it was unclear why the plaintiffs named Moving Defendants as defendants in this matter in the first place. Accordingly, P.T.B. served discovery requests on the plaintiffs to determine what basis, if any, they had to bring these entities into this lawsuit. (DPFOF, ¶¶ 76-82, 88.) Here is their response:

> The Plaintiffs are treating the Defendant business entities as part and parcel to a resort business that functions as a single employer or as a series of joint employers, as dancers do not work solely at the dance club but rather throughout the entire resort. As Cruisin' Chubbys Gentlemen's Club is not a listed entity on the Wisconsin Department of Financial Institution's website, it was unclear at the time of filing both the original and Amended Complaint which entities are doing business as Cruisin' Chubbies Gentlemen's Club. It was clear, however, that each of the named defendant businesses exist in the same geographic location as the resort and share common ownership under one or more of the named individual defendants. Attorneys for the Plaintiffs filed the original Complaint and Amended Complaint in good faith with the information available to them at the time to preserve the Plaintiffs' and putative class members' claims. Counsel for both parties have previously discussed the Plaintiffs' initial difficulty in determining who the proper Defendants are in this case and have determined that further discovery will clarify the issue. If good cause is shown through further discovery that these entities should be dismissed, Plaintiffs will dismiss them.

7

(DPFOF, ¶¶ 86-87.)  The only documentary support the plaintiffs' provided consisted solely of corporate documents obtained either from the Wisconsin Department of Financial Institutions, its website, or the Wisconsin Department of Workforce Development.  (DPFOF, ¶¶ 89-90.)

This "reason" is woefully inadequate and certainly does not amount to admissible evidence supporting a claim that Moving Defendants ever employed the plaintiffs or any other individuals who ever performed as exotic dancers at Cruisin' Chubbys.  At best, naming these defendants was wishful speculation.  At worst, it was a blatant use of kitchen-sink tactics in hopes of receiving ransom payments from these entities.

The plaintiffs' motivation for naming Moving Defendants, though, is inconsequential at this point.  What is consequential, though, is the aspect of the plaintiffs' explanation where they indicate that "further discovery [would] clarify the issue."  (See DPFOF, ¶ 86.)  Despite having ample time to conduct discovery pertaining to Moving Defendants, the plaintiffs did no such thing.  They did not submit a single set of written discovery requests to any Moving Defendant, nor did they depose anyone in this matter, much less anyone who can testify as to Moving Defendants' operations, prior to the summary judgment deadline.  (See DPFOF, ¶¶ 91-93.)  In light of the fact that the plaintiffs acknowledged that their initial basis for naming Moving Defendants was merely because they "exist in the same geographic location" and "share common ownership under one or more of the named individual defendants" and because P.T.B. provided an explanation of each Moving Defendant, further discovery should have been conducted. (DPFOF ¶¶ 86, 91.)  It wasn't, leaving Moving Defendants no choice but to incur the time and expense associated with preparing and filing a summary judgment motion to obtain dismissal from a lawsuit of which they should never have been part.

In sum, none of Moving Defendants can be held liable as an "employer" under the FLSA as it pertains to any individual who performed as an exotic dancer at Cruisin' Chubbys during the relevant time period. Each Moving Defendant, therefore, should be dismissed from this lawsuit, with prejudice.

## CONCLUSION

For the reasons set forth herein, as supported by Moving Defendants' Statement of Proposed Findings of Fact, the Declaration of Kenneth C. Roberts II, the Declaration of Lantz R. Roberts, the Declaration of Timothy J. Roberts, and the Declaration of Anthony J. Steffek, the Court should grant Moving Defendants' Motion for Summary Judgment.

Dated: March 16, 2018.

/s/ Anthony J. Steffek
Laurie E Meyer
State Bar No. 1025405
Anthony J. Steffek
State Bar No. 1053615
Attorneys for Defendants,
Edge of the Dells, Inc., P.T.B., Inc., d/b/a Cruisin' Chubbys Gentlemen's Club, Kenny's Future, LLC, Living on the Edge Campground & Go-Karts, Inc., Timothy Enterprises, LLC, Southern Heights, LLC, Timothy D. Roberts, Kenneth C. Roberts and Lantz Ray Roberts
318 S. Washington Street, Suite 300
Green Bay, WI 54301
920.435.9378

OF COUNSEL:
Davis & Kuelthau, s.c.

Direct contact information:
Laurie E Meyer      414.225.1419 direct dial
                    414.278.3619 direct fax
                    Laurie.Meyer@dkattorneys.com
Anthony J. Steffek  920.431.2237 direct dial
                    920.431.2277 direct fax
                    asteffek@dkattorneys.com