UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Teriana Jones, et. al.,

                Plaintiffs,

      v.

Edge of the Dells, Inc., et al.

                Defendants.

Case No.  17-cv-00125-jdp

Honorable James D. Peterson

---

**DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

NOW COME the defendants, by and through their undersigned counsel, Davis & Kuelthau, s.c., and respectfully submit this Brief in Opposition to Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment.  For the reasons set forth herein, that motion should be ***denied***.

Federal Rule of Civil Procedure 16(b) governs deadline extension requests in matters governed by a scheduling order.  Under this rule, "[a] schedule may be modified *only for good cause* and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).  "The standard primarily concerns the 'diligence of the party seeking amendment.'"  Chesemore v. Alliance Holdings, Inc., 284 F.R.D. 416, 417 (W.D. Wis. 2012), quoting Trustmark Ins. Co. v. Gen. & Cologne Life Re of America, 424 F.3d 542, 553 (7th Cir. 2005).  Various courts have found that counsel's vacation does not satisfy Rule 16(b)'s good-cause requirement.  See, e.g., Stapleton v. Pavilion Building Installation Sys. Ltd., No. 09-CV-0934S(F), 2015 WL 13659265, at *3 (W.D.N.Y. Dec. 18, 2015) (conflicting vacations of counsel interfering with ability to depose

expert witnesses not "good cause" under Rule 16(b)); <u>Infotec Staff Servs., Inc. v. First USA</u> <u>Bank</u>, No. Civ.A. 3:97-CV-1372P, 1998 WL 641816, at *3 (Sept. 17, 1998) ("[t]he only explanation Infotec gives for this delay is that 'upon the return of Plaintiff counsel from vacation, there were numerous matters which demanded immediate attention.'  Infotec contends that its failure to timely file its Motion for Leave to Amend was due to Plaintiff's counsel being in the process of moving offices and on vacation when the Motion for Summary Judgment was served, thus constituting excusable neglect.  The Court does not agree[.]" (citations omitted).)

<u>Kirola v. City and County of San Francisco</u>, No. C 07-3685 SBA, 2014 WL 2737686 (N.D. Cal. June 11, 2014), is of particular relevance here.  In that case, the parties submitted a stipulation requesting modification of the post-trial motion briefing schedule, specifically a two-week extension of the plaintiffs' deadline to respond to the defendants' motion.  <u>Id.</u> at *2.  The parties' basis for this request was two-fold: "(1) one of [the plaintiffs'] attorneys, Guy Wallace of Schneider Wallace Cottrell Brayton Konecky LLP ('Schneider Wallace'), was ill from May 26, 2014 through June 5, 2014; and (2) another of [the plaintiffs'] attorneys, Mark Johnson, also with Schneider Wallace, has a 'long-scheduled family vacation' that will have him out of the office from June 14, 2014 to June 22, 2014."  <u>Id.</u>

The court rejected the parties' stipulation.  In doing so, it stated:

> Although Mr. Wallace's illness was unanticipated, he is not the only attorney representing Kirola.  Indeed, as mentioned by Kirola in the latest stipulation, Mr. Johnson "shares responsibility for preparing Plaintiffs' response to Defendant's Post-Trial Motion for Judgment."  Moreover, Kirola is represented by two other law firms in addition to Schneider Wallace.  The Sturdevant Law Firm was appointed as class counsel, pursuant to the Court's Order Granting Plaintiffs' Motion for Class Certification.  The trial transcript also shows that Scott Brown of Brown Poore LLP appeared on behalf of Kirola at trial.

<u>Id.</u> (citations omitted).  It further stated:

> The Court is likewise unpersuaded that Mr. Johnson's "long-scheduled family vacation" justifies a further extension of time. As an initial matter, no mention of such vacation was made in connection with Kirola's original proposed briefing schedule, nor in the stipulation to enlarge the briefing schedule filed on May 15, 2014. Given the claim that the vacation was "long-scheduled," counsel was obviously in a position to take that into account before proposing a June 16, 2014 filing deadline for Kirola's response brief. That aside, the Court notes that Mr. Johnson's vacation is set to commence on Saturday, June 14, 2014, only two days prior to the current June 16, 2014 deadline.

Id. Finally, the court continued:

> It bears noting that Kirola has long been on notice of the issues addressed in the City's Motion. Throughout the litigation, the City has raised the issue of Kirola's standing. In 2010, the City raised the matter of standing in opposing the motion for class certification, but ultimately withdrew the issue with the understanding that "[s]uch determinations will be made following trial based upon the evidence presented and the relief requested. The City again presented argument regarding standing in its post-trial briefs. On March 20, 2014, the Court ordered the parties to meet and confer regarding potential motion practice and/or supplemental briefing on the issue of Kirola's standing. Kirola's counsel could therefore have begun preparing their response to the City's Motion months ago, and certainly prior to the filing of the City's opening brief on May 27, 2014.

Id.

The plaintiffs have failed to satisfy Rule 16(b)'s good cause requirement for an extension of their summary judgment response deadline. First, no less than five attorneys have participated in this action on the plaintiffs' behalf. Besides Attorneys Justin Peterson of Moen Sheehan Meyer, Ltd. ("Moen Sheehan"), and Paul Kinne and Scott Thompson of Gingras, Cates & Wachs ("Gingras Cates"), Attorneys Nathan Skemp of Moen Sheehan and Whitney Johnson of Gingras Cates have participated. Attorney Skemp has filed documents with the Court in this case. (See, e.g., Not. of Mot. and Mot. to Dismiss Jane Roe #5 and her Individual Claims Against Defs. Without Prejudice and Without Costs, Dkt. #83). What's more, based on correspondence from Attorney Peterson, it appears that Attorney Skemp "has been handling discovery" in this case. (Decl. of Anthony J. Steffek dated April 4, 2018 ("Steffek Decl."), p. 1, ¶ 2, Ex. 1.) As for

Attorney Johnson, she defended the depositions of the named plaintiffs, Teriana Jones and Bethany Morrissey. (Steffek Decl., p. 1, ¶ 3.)

As for Attorneys Peterson, Kinne and Thompson, each had sufficient availability to prepare a response to the defendants' summary judgment motion. Attorney Peterson was available between March 16, 2018, and March 28, 2018. (Decl. of Atty. Justin W. Peterson in Supp. of Mot. to Extend Pls.' Time to Answer Defs.' Summ. J. Mot., Dkt. #124, p. 1, ¶¶ 2-4.) Attorney Thompson was available between March 16, 2018, and March 29, 2018. (Decl. of Scott B. Thompson, Dkt. #125, p. 1, ¶¶ 3, 5.) Neither the undersigned nor the Court know when, exactly, Attorney Kinne was available, as Attorney Peterson's declaration merely indicates that Attorney Kinne was in Hawaii and would not return to the continental United States until March 31, 2018. (Decl. of Scott B. Thompson, Dkt. #125, p. 1, ¶ 4.) This would indicate he was available between March 31, 2018, and April 6, 2018. In light of all of these facts, the plaintiffs clearly have sufficient representation such that a response to the moving defendants' summary judgment motion could be prepared prior to the response deadline.

Second, the dispositive motion briefing schedule should not have come as a surprise to any of the plaintiffs' attorneys. The Court set the March 16, 2018, dispositive motion deadline on May 10, 2017, over ten months' prior. (Prelim. Pretrial Sched. Order, Dkt. #28, pp. 2-3.) Despite being fully aware of this deadline, Attorney Peterson chose to schedule an extended vacation during the Court-mandated response period. As for Attorneys Kinne and Peterson, Attorney Kinne, presumably, knew of this pretrial schedule when he agreed to represent the plaintiffs in this matter and, if he anticipated any scheduling issues, should have brought them to the Court's and the defendants' counsel's attention immediately. Yet no mention of this was made until March 28, 2018, at which point the plaintiffs had the defendants' summary judgment

motion in hand for twelve days.  (Mot. for Ext. of Time, Dkt. #123, filed March 28, 2018.)  This fact also was not mentioned in conjunction with the plaintiffs' earlier request for an extension of the deadline for them to file dispositive motions.  (See Pls. Mot. for Ext. of Time to File Dispositive Mots., Dkt. #104, Decl. of Paul A. Kinne in Supp. of Mot. to Extend Time to File Dispositive Mots., Dkt. #105.)

Third, and similar to the plaintiffs in Kirola, supra, the plaintiffs should have been well prepared to oppose the moving defendants' motion for summary judgment, even before its filing. In their summary judgment motion, the moving defendants argue that they – Edge of the Dells, Inc., Living on the Edge Campground & Go-Karts, Inc., Kenny's Future, LLC, Timothy Enterprises, LLC, and Southern Heights, LLC – cannot be held liable as the employer of any individual who ever performed as an exotic dancer at Cruisin' Chubbys Gentlemen's Club during the relevant period.  (See Moving Defs.' Not. of Mot. and Mot. for Summ. J., Dkt. #109, Br. in Supp. of Moving Defs.' Mot. for Summ. J., Dkt. #110.)  This issue has been at the forefront since at least April 2017, as demonstrated by the parties' Joint Rule 26(f) Report, which states that "Defendants likely will file motions for summary judgment as to which defendants, if any, are properly involved in this lawsuit."  (Jt. R. 26(f) Report, Dkt. #26, p. 3.)  The plaintiffs acknowledged as much when responding to discovery requests seeking information on their bases for including the moving defendants in this lawsuit, stating:

> Counsel for both parties have previously discussed the Plaintiffs' initial difficulty in determining who the proper Defendants are in this case and have determined that further discovery will clarify the issue.  If good cause is shown through further discovery that these entities should be dismissed, Plaintiffs will dismiss them.

(Steffek Decl., p. 1, ¶ 4, Ex. 2, pp. 1-2.)  Much like the plaintiffs in <u>Kirola</u>, the plaintiffs could have begun preparing their opposition to the moving defendants' summary judgment motion prior to even to the filing of the moving defendants' motion.

For the Court to grant the plaintiffs the extension they request, the plaintiffs must establish good cause.  They have not done so.  Inconvenience due to attorney vacations does not satisfy this standard under Rule 16(d).  This is especially so when the plaintiffs have a more than sufficient number of attorneys in this matter and have had plenty of notice that the specific summary judgment motion the moving defendants filed would be coming down the pipe.  These moving defendants deserve to have their opponents bound by the scheduling order to which said opponents agreed.  Therefore, the defendants respectfully request the Court to deny the plaintiffs' motion for an extension of the deadline by which the plaintiffs must respond to the moving defendants' summary judgment motion.

Dated:  April 4, 2018.

/s/ Anthony J. Steffek
Laurie E Meyer
State Bar No. 1025405
Anthony J. Steffek
State Bar No. 1053615
Attorneys for Defendants,
Edge of the Dells, Inc., P.T.B., Inc., d/b/a
Cruisin' Chubbys Gentlemen's Club, Kenny's
Future, LLC, Living on the Edge Campground
& Go-Karts, Inc., Timothy Enterprises, LLC,
Southern Heights, LLC, Timothy D. Roberts,
Kenneth C. Roberts and Lantz Ray Roberts
318 S. Washington Street, Suite 300
Green Bay, WI 54301
920.435.9378

<u>OF COUNSEL</u>:
Davis & Kuelthau, s.c.

<u>Direct contact information</u>:

Laurie E Meyer                414.225.1419 direct dial
                             414.278.3619 direct fax
                             Laurie.Meyer@dkattorneys.com

Anthony J. Steffek           920.431.2237 direct dial
                             920.431.2277 direct fax
                             asteffek@dkattorneys.com