UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

<u>Teriana Jones and Bethany Morrissey</u>
On behalf of themselves and a class					Case No:		17-CV-125
of employees and/or former employees
similarly situated,

      Plaintiffs,

            vs.

Cruisin' Chubbies Gentlemen's Club, et al.

      Defendants.

_____

**PLAINTIFFS' REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT AS TO EDGE OF DELLS, INC., KENNY'S FUTURE, LLC, LIVING ON THE EDGE CAMPGROUND & GO-KARTS, INC., SOUTHERN HEIGHTS, LLC AND TIMOTHY ENTERPRISES, LLC**

      The Plaintiffs are treating the Defendants' business entities as part and parcel to a resort business that functions as a single employer or as a series of joint employers, as dancers do not work solely at the dance club but rather were told or requested to work at Edge-O-Dells (the "Resort") or to stay at properties separate from the dance club but on the property presumably owned by Timothy Enterprises, LLC ("Timothy Enterprises"). Opposing counsel, along with declarations submitted by the individual defendants, insist that the club is solely ran by P.T.B, Inc. ("P.T.B") However, due to direct contradictions made by dancers regarding working at Living on the Edge Campground & Go-Karts ("Living on the Edge"), paying rent to stay at properties owned by Timothy Enterprises, coupled with the individual defendants sole ownership and involvement of entities that

1

own the clubs real estate and receive rental payments from the club, it is premature at this stage to dismiss all the moving Defendants.

Plaintiffs do concede after reviewing Defendants' submissions that Southern Heights, LLC should be dismissed.

## STATEMENT OF FACTS

Plaintiff's sued all of the corporate entities owned by the individual defendants because Cruisin' Chubbies Gentlemen's Club (the "Club") was not a registered business entity with the Department of Financial Institutions. As such, Plaintiffs' did not know who or what entity was behind it, and to this day it is still unclear how many entities control the dancers. At this time, Defendants' are not moving to remove the individual defendants' or the Club. Therefore, these facts will relate to the moving defendants.

According to Timothy Robert's ("Timothy") declaration, Living on the Edge owns and operates a campground called Edge-O-Dells Resort ("Resort") (Dkt 113 ¶5). The Resort is across the street from the club. (Jane Roe 7 Dec., ¶3) Timothy is the sole director of Living on the Edge and owns all its shares. (Dkt. 113 ¶3,4) The Resort's directors are individual defendants, Lantz R. Roberts and Kenneth C. Roberts. (Dkt. 115 ¶3). However, Lantz appears to have heavy involvement with the Club as well, given he was named as a person with the most knowledge regarding the Clubs policies and procedures, scheduling dancers and is responsible for handling revenue. (Ex. C #4, 5, 6; P.T.B's answers to interrogatories)

Though Timothy suggests neither Living on the Edge nor the Resort have ever employed dancers, that fact is directly contradicted by Plaintiffs. Plaintiff Morrissey, in her discover answers stated "I worked at the Campground from 2011 through 2015,

primarily participating in Thursday Night Thunder. I worked as an exotic dancer providing services by competing in various nude competitions with other members of the putative class." (Ex. A) Further, Jane Rose #4 stated in her discovery answers that "I have participated in nude events at the Campground, and members of the putative class have also participated in nude events at the Campground as well." (Ex. B)

Multiple other class plaintiffs indicate they have either worked or known of dancers who have worked at the Resort under the direction of the individual defendants. Dancers indicate:

- The Club directed dancers to work big events at the Resort, such as Automotion or to participate in dances. (Dec. of Jane Roe #2 ¶3; Dec. of Jane Roe #3 ¶6)

- Dancers have participated in nude events at the Resort at the direction of the Club. (Dec. Jane Roe #4 ¶4)

- In the summertime or for special events, the Club would make us go to the Resort, without pay, and do embarrassing dances on the bar to entertain the customers. (Dec. Jane Roe #7 ¶3)

According to Timothy, he is the sole member of Kenny's Future, LLC ("Kenny's Future"). (Dkt. 113 ¶22) Kenny's Future owns the real estate and collect rent from the Resort. (Dkt. 113 ¶25)

Timothy is also an integral part of the Club as he is in charge of filing the Club's state and federal tax returns (contact person on P.T.B. tax returns) and was one of two individual defendants who helped defense counsel answer discovery on behalf of the Club. (*See* Ex. C #9 and #25; P.T.B's answers to interrogatories). Timothy is the sole member of Timothy Enterprises, LLC ("Timothy Enterprises"). According to defendants, P.T.B owns and operates the Club. According to their discover answers, P.T.B is owned by Kenneth Roberts and the Estate of Peter Breyer and Peter Breyer and

3

Tom Douglas are its officers and directors. (*See* Ex. C #4; P.T.B's answers to interrogatories)

Timothy Enterprises owns the real property on which the Club is located, including the building off the parking lot where dancers are "encouraged" to stay overnight and pay rent. (Dec. of Roe #7 ¶5; Roe 4 ¶5; Roe #3, ¶3; Jones ¶2; Roe #2 ¶4)

The Club and the Resort are one enterprise as the Club sends girls to and from the Resort while both the Club and Resort encourage customers to go to each other's establishment. (Dec. of Jones ¶4) In fact, a billboard in Wisconsin Dells, Wisconsin has advertised the Resort and the Club together. (Ex. D)

## **LAW AND ARGUMENT**

### I. Summary Judgment Standard.

Rule 56 of the Federal Rules of Civil Procedure provides that a party may move for summary judgment in the party's favor as to all or any part thereof. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a)-(c). Applying these standards, the trial judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *Quick v. Donaldson Co.,* 90 F.3d 1372, 1376–77 (8th Cir.1996) An issue of material fact is genuine if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394 (8th Cir.1992) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). As to whether a factual dispute is "material," the Supreme Court

has explained, "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Rouse v. Benson, 193 F.3d 936, 939 (8th Cir.1999)

## II. Joint Employer Liability Exists

Defendants' state when citing the *Spoerle v. Kraft Foods Global, Inc.* 527 F. Supp. 2d 860, 862 (W.D. Wis. 2007) case that "only an employer may be held liable for violating the FLSA". This case however was about the definition of "work" under the FLSA. The case does go on to state that "employers must pay their employees a wage for all the "work", however, the case does not explicitly state that only an employer can be held liable for violating the FLSA. In *Pope v. Espeseth* 228 F. Supp.3d, the Court defined employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Under FLSA, a joint employer relationship exists when each alleged employer exercises control over the working conditions of the employees. *Id.* Control over working conditions factors: (1) power to hire and fire, (2) supervise and control work schedules or payment conditions, (3) determine rate and method of payment, (4) maintain employment records. Plus other factors may be relevant. *Id.*

Here, there are genuine issues of material fact as to what entities are involved with having dancers work the Resort and stay on properties owned by Timothy Enterprises. The declarations submitted in the Rule 23 motion indicate the Club controls their dancers by their factory-like process. (Dkts 74-81) At times, the Club has their dancers go to the Resort for entertainment and promotions, seemingly without pay. Further, the Club has their dancers stay on properties owned by a holding company that is heavily involved with

5

both the Club and Resort. As outlined in the fact section above, it is the same individuals controlling the same employee dancers under different corporate umbrellas.

### III. Case law does not prohibit finding holding companies liability for its subsidiaries.

A holding company classification does not eliminate a holding company from potential liability from acts of its subsidiaries. *Helm v. Alderwoods Grp., Inc.,* 696 F. Supp. 2d 1057 (N.D. Cal. 2009). In *Helm*, employees brought putative class action against parent company, its subsidiaries, and individual defendants, alleging violations of Fair Labor Standards Act (FLSA) and state law related to unpaid wages. Defendants moved to dismiss. The issue of whether a company could be held liable for its subsidiaries depends on the type and degree of control it exercised over those entities, not on whether it was accurate to call the company a holding company. *Id.*

Here, there are genuine questions as to if the Defendants' are actually *true* separate entities and how many of the entities have direct or indirect control of the dancers. They, the entities, appear to operate as one resort that shuttles some of their dancer employees from the Club to the Resort and expects them to sleep and pay rent at a building located on their property. These entities are all co-mingled with the individual defendants, they pay each other rent, encourage customers to go back-and-forth and control the dancers schedules and work tasks.

### IV. Enough Questions Arise as to if the Defendants are an Enterprise

To be considered a single enterprise under the FLSA, a business must satisfy three elements. It must (1) perform related activities; (2) under unified operations or common control; and, (3) for a common business purpose. See *Brennan v. Arnheim & Neely, Inc.*,

410 U.S. 512, 518, 93 S.Ct. 1138, 35 L.Ed.2d 463 (1973); *Brock v. Best Western Sundown Motel, Inc.*, 883 F.2d 51, 52 (8th Cir. 8th Cir.1989); *Donovan v. Weber*, 723 F.2d 1388, 1391 (8th Cir.1984)

### A. *Related Activities*

Related activities are those which are "the same or similar," S. Rep. No. 145, 87th Cong., 1st Sess. 41, reprinted in 1960 U.S.C.C.A.N. 1620 (1961). Here, the purpose of all the entities, outside of Southern Heights, is to make money off their employee dancers by having them provide food, drink and entertainment at multiple entities and stay on entity owned premises to make money more efficient.

### B. *Unified Common Control*

In determining whether there is common control, courts heavily emphasize common ownership. See, e.g., Reich v. Bay, Inc., 23 F.3d 110, 115 (5th Cir.1994); Donovan v. Easton Land & Dev., Inc., 723 F.2d 1549, 1552 (11th Cir.1984). Inc. See Easton Land, 723 F.2d at 1552. Here, the ownership is overwhelming common. The entities consist of a few individuals that control and work at multiple enterprises that share the common goal of entertaining customers. All of the entities work together in exploiting the dancers and finding ways to profit off them without paying minimum wage and over.

### C. *Common Business Purpose*

Third, the court must consider whether the defendants are engaged in a common business purpose. Activities are performed for a common business purpose if they are "directed toward the same business objective or to similar objectives in which the group has an interest." See 29 C.F.R. § 779.213. Again, the purpose of each is the same. Entertain through dancing, food and drinks.

## CONCLUSION

Defendants, by creating a web of corporate entities managed and owned solely by the individual members who run the Club and the Resort, are able to control their employee dancers by moving them throughout entities and benefit off them staying on the premise. These entities operate as one large business, providing entertainment and lodging, encourage customers to go back and forth. Given the ties between the companies, the control they assert, and the need for further discovery related to the entities finances and corporate formalities, we respectfully request to deny Defendants motion as to the Resort, Living on the Edge, Kenny's Future and Timothy Enterprises.

Dated this 6th Day of April, 2018.

        MOEN SHEEHAN MEYER, LTD.

        /s/ Nathan P. Skemp
        Justin W. Peterson (SBN 1087366)
        Nathan P. Skemp (SBN 1099445)
        Attorney for Plaintiff
        201 Main Street, Suite 700
        La Crosse, WI 54601
        (608) 784-8310
        jpeterson@msm-law.com
        nskemp@msm-law.com