UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

<u>Teriana Jones and Bethany Morrisey</u>
On behalf of themselves and a class
of employees and/or former employees
similarly situated,
      Plaintiffs,

                 Case No.:  17-CV-125

vs.

Cruisin' Chubbies Gentlemen's Club, et al.

      Defendants.

_____

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT
_____

  NOW COME THE PLAINTIFFS, Teriana Jones and Bethany Morrisey, on behalf of themselves and those similarly situated, by and through their attorneys, Gingras, Cates & Wachs, and Moen Sheehan Meyer, LTD, and hereby state the following as their Brief in Support of Plaintiffs' Motion for Partial Summary Judgment.

I.  INTRODUCTION.

  This is a straight-forward issue in a case the type of which has been litigated frequently. Cruisin' Chubbies Gentlemen's Club ("the Club") is an exotic dance club where female dancers disrobe and dance for the entertainment of Club patrons. As demonstrated below, the Club strictly controlled the nature and degree of the dancer's work and performances. Furthermore, the dancers did not exercise managerial skill to determine their profits or losses. The dancers employed no workers themselves to complete their duties, and while they did own the clothes in which they danced, the Club instructed them on what to wear. Exotic dancing requires no special skill. Like a typical employment situation, the working relationship between the Club

and the dancers was open ended: it continued until one party or the other terminated it. Finally, exotic dancing is *the* integral part of the employer's business. For all of these reasons, the plaintiffs' move the Court for summary judgment, asking the Court to rule as a matter of law that the dancers were employees of the Club, not independent contractors, and grant the plaintiffs' motion for partial summary judgment.

II.     STATEMENT OF FACTS.

Plaintiffs refer the Court to their Proposed Findings of Fact that have been concurrently filed with the Court.

III.    STANDARD ON SUMMARY JUDGMENT.

"Summary judgment is proper if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc., 739 F.3d 1055, 1060 (7th Cir. 2014)* (internal citation and quotation marks omitted). For the reasons set forth below, the Court should conclude that there is no genuine issue of fact concerning the dancers' status as employees, mandating partial summary judgment.

IV.     THE DANCERS WERE EMPLOYEES, NOT INDEPENDENT CONTACTORS.

In determining whether a worker was an employee or an independent contractor, courts look to the "economic reality" of the working relationship. *Sec'y of Labor v. Lauritzen, 835 F.2d 1529, 1534 (7th Cir. 1987).* While there is no bright line test, courts consider the following factors: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill;

(5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business. *Lauritzen, 835 F.2d at 1535* (citations omitted). This determination of a worker's status is a question of law. *Sec'y of Labor v. Lauritzen, 835 F.2d 1529, 1535 (7th Cir. 1985)*. "For purposes of social welfare legislation, such as the FLSA, 'employees are those who as a matter of economic reality are dependent upon the business to which they render service.'" *Id. at 1534* (quoting *Mednick v. AlbertEnters., Inc., 508 F.2d 297, 299 (5th Cir. 1975))*. *See also Morse v. Mer Corp.*, 2010 U.S. Dist. LEXIS 55636 (S.D. Ind.), *5-6.

  A. *The Club controls the manner in which the work is to be performed.*

The record is replete with evidence that the Club, not the dancers, controls the manner in which the work is to be performed. It controlled the amount of time a dancer had to work in a week, as well as the hours she had to work. PPFOF 7-9, 12, 25. It controlled what the dancers had to wear and how they had to appear. PPFOF 10-11. It controlled their degree of nudity depending upon where they were in the Club. PPFOF 15. The Club determined whether patrons were allowed on stage. PPFOF 16. It punished dancers for breaking its rules. PPFOF 11-12, 15.

The Club also controlled the order in which the dancers had to perform, and the locations within the Club where they had to perform or work. PPFOF 13, 19. The Club set the number of songs during which the dancers were compelled to dance. PPFOF 14. The Club mandated and forbade certain types of conduct. PPFOF 20-21. Private dancers were supervised by Club bouncers. PPFOF 23.

The Club exercised almost complete control over how dancers performed their jobs. Accordingly, the dancers were employees, not independent contractors.

  B. *The dancers' "managerial skill" has no effect on their opportunity for profit or loss.*

3

The Club's mandates controlled the amount of profit or loss earned by the dancers. The Club determined the amount of time each dancer could spend at the Club. PPFOF 7. Dancers had to pay a tip out fee and fines. PPFOF 8, 10, 15, 18. The Club, not the dancers, determined the amount to charge for each type of private dance. PPFOF 22-23. Furthermore, the Club set the percentage of dance fees received by the dancers. PPFOF 31. Accordingly, the dancers' managerial skill had no impact on whether they earned a profit or a loss. That was under the control of the Club. Therefore, this element of the test proves that the dancers were employees.

      C.    *The dancers' do not invest in the equipment or materials required for dancing in a club.*

The Club provides all of the equipment and materials necessary for dancing in the Club. The Club owns and provides the dance floors. It owns the sound equipment for music, and it owns the rooms for the private dances. It purchases the alcohol sold to customers, and it owns the bar itself. Aside from the clothing worn and make-up applied by the dancers, the Club owns *all* of the equipment and materials required to dance at the club. But even then, the Club controls the type of clothing worn and the make-up applied. This factor clearly weighs in favor of the dancers.

      D.    *Exotic dancing does not require any special skill.*

Dancing at the Club requires no special skill. Other courts have concluded that exotic dancing does not require special skills or training. *Morse v. Mer Corp.*, 2010 U.S. Dist. LEXIS 55636 (S.D. Ind.), *14-15. This factor weighs in favor of the dancers.

      E.    *The duration of the working relationship resembles the typical employer / employee relationship.*

Dancers were not hired for limited periods of time, or to perform special "projects" like a typical independent contractor would be. Instead, dancers worked at the Club over extended periods of time. PPFOF 2-6. The Club set their schedules, just like an employer would do for its employees. PPFOF 7, 9. Additionally, the Club did not issue Form 1099s to the dancers. PPFOF 32. Independent contractors typically receive Form 1099s for tax purposes. For this reason, as well, the dancers should be considered employees, not independent contractors.

      D.    *Exotic dancing is integral to the employer's business.*

Cruisin' Chubbys is an exotic dance club in Wisconsin Dells, Wisconsin. PPFOF 1. At Cruisin' Chubbies, women perform exotic dances, both on stages available for viewing by all Cruisin' Chubbys patrons and in private rooms for patrons willing to pay private dance fees. PPFOF 1. Without the dancers, the Club would simply be a bar with an unused dance floor. This part of the test also proves that the dancers are employees, not independent contractors.

V.    CONCLUSION.

For all of the reasons set forth above, the Court should rule that the dancers were employees, not independent contractors, and grant the plaintiffs' motion for partial summary judgement.

Dated this 9th day of April, 2018.          GINGRAS, CATES & WACHS

BY: _____
Paul A. Kinne
State Bar No. 1021493

8150 Excelsior Drive
Madison, WI 53717
Phone: 608-833-2632
Fax: 608-833-2874
Email: kinne@gcwlawyers.com