IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERIANA JONES and BETHANY MORRISSEY, on
behalf of themselves and a class of employees and/or
former employees similarly situated,

                Plaintiffs,

    v.

CRUISIN' CHUBBYS GENTLEMEN'S CLUB,
EDGE OF THE DELLS, INC.,
TIMOTHY ENTERPRISES, LLC,
KENNY'S FUTURE, LLC,
LIVING ON THE EDGE CAMPGROUND & GO-
KARTS, INC., PTB, INC.,
SOUTHERN HEIGHTS, LLC,
TIMOTHY D. ROBERTS, KENNETH C. ROBERTS,
and LANTZ RAY ROBERTS f/k/a THOMAS LANTZ
DOUGLAS,

                Defendants.

OPINION & ORDER

17-cv-125-jdp

---

Plaintiffs Teriana Jones and Bethany Morrisey are representing a class of exotic dancers who contend that all of the defendants collectively are plaintiffs' joint employer and have failed to pay them in accordance with the Fair Labor Standards Act and state law. Two motions are before the court: (1) a motion for summary judgment filed by several of the defendants on the ground that they do not have an employment relationship of any kind with any of the class members, Dkt. 139; and (2) plaintiffs' motion for partial summary judgment on the issue whether all of the dancers qualify as employees rather than independent contractors, Dkt. 139. For the reasons discussed below, the court will grant these defendants' motion for summary judgment and deny plaintiffs' motion. The case will proceed against the individual defendants (Timothy Roberts, Kenneth Roberts, and Lantz Ray Roberts) and the two remaining entity defendants (Cruisin' Chubbys Gentlemen's Club, PTB, Inc.).

ANALYSIS

A. Defendants' motion for summary judgment

The FLSA applies only to an "employer." 29 U.S.C. § 216(b) ("Any employer who violates the [FLSA] shall be liable to the employee or employees affected.").[1] In their motion for summary judgment, defendants Edge of the Dells, Inc., Timothy Enterprises, LLC, Kenny's Future, LLC, Living on the Edge Campground & Go-Karts. Inc., and Southern Heights, LLC contend that they do not qualify as an employer under the FLSA, so they should be dismissed from the case.[2] I will refer to this group as "the moving defendants." Plaintiffs concede that Southern Heights should be dismissed, Dkt. 128, at 2, so the court will grant the moving defendants' motion as to that party.

The FLSA includes a definition of "employer," but it is somewhat circular and not particularly helpful: "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Notably, § 203(d) uses the word it is defining in the definition. So it is really less of a definition and more of a statement that an employee can have more than one employer.

Case law provides more guidance. In determining whether multiple entities or individuals qualify as an employer of the same employee under the FLSA, the key question is whether each defendant exercised control over the worker. *Moldenhauer v. Tazewell-Pekin Consolidated Communications Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008) ("[F]or a joint-employer

---

[1] Both sides assume in their motions that the standard under state law is the same as the FLSA, so the court will make the same assumption.

[2] Defendants Cruisin' Chubbys Gentlemen's Club, PTB, Inc., Timothy Roberts, Kenneth Roberts, and Lantz Ray Roberts did not join the motion.

relationship to exist [under the Family and Medical Leave Act, which uses the same standard as the FLSA], each alleged employer must exercise control over the working conditions of the employee."). *See also Teed v. Thomas & Betts Power Solutions, LLC*, 711 F.3d 763, 764 (7th Cir. 2013) ("[A] parent corporation is not liable for violations of the Fair Labor Standards Act by its subsidiary unless it exercises significant authority over the subsidiary's employment practices."); *Reyes v. Remington Hybrid Seed Co.*, 495 F.3d 403, 408 (7th Cir. 2007) (defendants may be joint employers when they exercise "common control" over the employee). Courts consider various factors when determining whether a defendant had sufficient control over a worker, including whether the defendant made hiring and firing decisions, determined work schedules and daily working conditions, set the rate of pay, and maintained employment records. *Pope v. Espeseth, Inc.*, 228 F. Supp. 3d 884, 889 (W.D. Wis. 2017).

Plaintiffs rely on three allegations in their brief to support a conclusion that all of the defendants qualify as an employer under the FLSA: (1) some of the dancers performed at Edge-O-Dells Resort, a campground, bar, and restaurant that is operated by defendant Edge of the Dells; (2) some of the dancers were "encouraged to stay overnight and pay rent" at a property owned by Timothy Enterprises; and (3) the individual defendants own all of the entity defendants. Dkt. 128, at 1–2. None of these allegations provide a basis for treating defendants as a joint employer.

As to the allegation that some dancers performed at the resort, one problem is that the court expressly limited the class and the collective to performances at the Cruisin' Chubbys club, Dkt. 101, at 11, so only the named plaintiffs could assert claims related to performances at any other location. Another problem is that two of the five dancers who plaintiffs cite to support this allegation admit that they never performed at the resort. Dkt. 130, ¶ 3 ("I never

personally worked at the campground."); Dkt. 131, ¶ 6 ("I never personally experienced [dancing at the resort]."). A third problem is that plaintiffs did not cite any evidence disputing defendants' proposed finding of finding of fact that the nude events at Edge-O-Dells occurred before 2014. Dkt. 149, ¶ 41. This is a problem, both because the class and collective are limited to the time period after February 2014, Dkt. 101, at 16, and because the statute of limitations for an FLSA violations is no more than three years, 29 U.S.C. § 255(a), which would exclude the claims of even the named plaintiffs.

But even if the court disregards all of those problems, plaintiffs' allegations about events at the resort do not support a conclusion that the moving defendants are joint employers because none of dancers allege that any of the moving defendants directed them to perform at the resort or otherwise exercised control over them. The dancers are either silent about the issue, stating only that they "participated" at events at the resort, Dkt. 128-1, at 2; Dkt. 128-2, at 2, or they say that "the club" directed them to go there, Dkt. 132, ¶ 3. None of them provide any facts supporting an inference that one or more of the moving defendants had an employment relationship with any of the dancers.

Plaintiffs' other two allegations do not require extended discussion. As to the allegation that some of the dancers stayed at a property owned by Timothy Enterprises, the declarations they cite support a finding that the dancers stayed on the property, but they provide no basis for a finding that Timothy Enterprises owns the property. And even if it did own the property, that would show only that the dancers and Timothy Enterprises had a landlord-tenant relationship. It would not show that Timothy Enterprises had any control over the dancers' employment.

4

As to the allegation that the same individuals own the entity defendants, even if that is true, it is not dispositive. Again, the question is whether a defendant has control over a plaintiff's working conditions. Plaintiffs cite no authority for the view that common ownership by the same individuals is sufficient to render otherwise separate companies a joint employer.

The bottom line is that plaintiffs have failed to show that there is a genuine issue of material fact as to whether any of the moving defendants employed them. The court will grant the moving defendants' motion for summary judgment.

## B.  Plaintiffs' motion for partial summary judgment

Plaintiffs seek summary judgment on the issue whether they qualify as employees. Under the FLSA, "employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Sec'y of Labor, U.S. Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).[3] In making that determination, courts are guided by six nonexclusive factors:

- the degree of the alleged employer's control as to the manner in which the work is to be performed;

- the alleged employee's opportunity for profit or loss depending upon his managerial skill;

- the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

- whether the service rendered requires a special skill;

- the degree of permanency and duration of the working relationship; and

- the extent to which the service rendered is an integral part of the alleged employer's business.

---

[3] Again, both sides assume that the state and federal standards are the same.

*Id.* at 1535. To prevail on their motion, plaintiffs must show that no reasonable jury could find that they do not satisfy that test.

Plaintiffs have not met their burden. To begin with, they skip over the question of *which* defendants are their employers. Because they put in no facts about a particular defendant's control over them, that is reason enough to deny their summary judgment motion.

But even if the court assumes that plaintiffs' motion is limited to defendant PTB (the owner of the club), plaintiffs have not shown that they are entitled to judgment as a matter of law. Plaintiffs' five-page opening brief consists of little more than a recitation of the relevant legal standard followed by citations to proposed findings of fact in support of each of the six factors in *Lauritzen*. But defendants cite evidence contradicting nearly all of plaintiffs' proposed findings fact regarding each of those factors. Dkt. 154. Plaintiffs did not file a reply to defendants' response to plaintiffs' proposed findings of fact, so presumably plaintiffs are conceding that all of those proposed facts are disputed.

In their reply brief, plaintiffs say that the disputes are immaterial, but it is difficult to see how that could be so. The only facts not disputed are that Cruisin' Chubbys is an exotic dance club; Jones was a dancer there; "club management" determine when audience members are allowed on stage; dancers collect tips from customers; dancers sometimes perform on stage, sometimes "work[] the floor," and sometimes perform private dances; and "[t]he club" does not provide dancers with a Form 1099 for taxes. Dkt. 154, ¶¶ 1–2, 16, 24, 32. Plaintiffs fail to explain how those undisputed facts show as a matter of law that all class members should be classified as employees. The court will deny plaintiffs' motion for summary judgment.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by defendants Edge of the Dells, Inc., Timothy Enterprises, LLC, Kenny's Future, LLC, Living on the Edge Campground & Go-Karts. Inc., and Southern Heights, LLC, Dkt. 109, is GRANTED and those defendants are DISMISSED from the case.

2. Plaintiffs' motion for partial summary judgment, Dkt. 139, is DENIED.

Entered May 21, 2018.

                BY THE COURT:

                /s/
                _____
                JAMES D. PETERSON
                District Judge