IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERIANA JONES and BETHANY MORRISSEY, on
behalf of themselves and a class of employees and/or
former employees similarly situated,

      Plaintiffs,

v.                OPINION and ORDER

CRUISIN' CHUBBYS GENTLEMEN'S CLUB,   17-cv-125-jdp
PTB, INC., TIMOTHY D. ROBERTS,
KENNETH C. ROBERTS, and LANTZ RAY ROBERTS
f/k/a THOMAS LANTZ DOUGLAS,

      Defendants.

---

  In this class and collective action, plaintiffs Teriana Jones and Bethany Morrissey are proceeding on claims that defendants Cruisin' Chubbies Gentlemen's Club, PTB, Inc., Timothy D. Roberts, Kenneth C. Roberts, and Lantz Ray Roberts failed to pay their employees in accordance with the Fair Labor Standards Act and state law. The parties have reached a settlement and they have filed a motion for preliminary approval. Dkt. 169. Plaintiffs also filed a motion for attorney fees and costs. Dkt. 171. For the reasons explained below, the court will deny the parties' motions without prejudice and give them an opportunity to provide the needed information that is missing from their motions. Plaintiffs also recently filed a request for a status update, Dkt. 172, which is rendered moot by this order.

BACKGROUND

  Plaintiffs are exotic dancers who worked for defendants. Plaintiffs raised claims that they were classified incorrectly as independent contractors rather than employees, so they were

not receiving a minimum wage or overtime pay, as required by the FLSA and state law. Plaintiffs also asserted that defendants were violating the law by retaining some of their tips.

The court certified a class under Federal Rule of Civil Procedure 23(b)(3) and a collective under 29 U.S.C. § 216(b) of individuals who worked as exotic dancers at Cruisin' Chubbys Gentlemen's Club on or after February 22, 2014. Dkt. 101. The court later dismissed several entities because they did not qualify as plaintiffs' employer and denied plaintiffs' motion for summary judgment. Dkt. 158.

ANALYSIS

Under the terms of the proposed settlement agreement, defendants agree to pay a total of $400,000, which includes $133,320 in attorney fees, $4,366.04 in expenses, and $262,313.96 for the class members.[1] The award for the class members includes incentive awards of $10,000 for Jones and $8,000 for Morrissey. Of the remaining 244,313.96, half of it will be distributed equally among the class members; the other half will be distributed on a pro rata basis as determined by the number of shifts each employee worked during the class period. Any unclaimed shares will be divided between the class members and defendants; the defendants will receive half and half will be distributed to the class members on a per capita basis. In exchange for the settlement, class members will release all wage-and-hour claims against defendants up to the date that the court approves the agreement. The named plaintiffs also agree that they will not work for the defendants in the future.

---

[1] In its request for fees, plaintiffs say that they are seeking $133,333.33 in fees. Dkt. 171. The court has relied on the amount stated in the motion for preliminary approval so that the total payment by defendants is exactly $400,000.

Under Federal Rule of Civil Procedure 23(e), the court must approve any class settlement and may do so only after the class members have had an opportunity to object and the court has held a hearing and concluded that the terms of the agreement are fair, reasonable, and adequate. In this circuit, the practice is for the court to give its preliminary approval after reviewing the proposed settlement and then to give final approval after notifying the class members and holding a hearing. *E.g., Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980); *Groshek v. Great Lakes Higher Educ. Corp.*, No. 15-cv-143-jdp, 2016 WL 4690318, at *1 (W.D. Wis. Apr. 13, 2016); *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, No. 13 C 9116, 2016 WL 3854603, at *3 (N.D. Ill. July 15, 2016). The question at the preliminary stage is whether the proposed settlement is "within the range of possible approval." *Armstrong*, 616 F.2d at 314; *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 (7th Cir. 1979); *Stewart v. Marshall Etc, Inc.*, No. 14-CV-1002-NJR-PMF, 2015 WL 5120817, at *1 (S.D. Ill. Aug. 28, 2015). At the final stage, the court must give greater scrutiny to the settlement, considering various factors such as the strength of the case compared to the settlement amount; the complexity, length, and expense of the litigation; any opposition to settlement; the opinion of competent counsel; and the stage of the proceedings (including the amount of discovery completed) at the time of settlement. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863-64 (7th Cir. 2014); *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

Before the court will give preliminary approval of the settlement, the parties will need to clarify several issues. First, the parties will need to explain in greater detail how they determined a fair settlement amount. They provide almost no information in their motion about the process they used to calculate the class's potential damages and failed to explain why

3

they believed the amount going to each class member represents a fair settlement of her actual damages. Without that information, the court will not be able to make a determination whether the settlement is fair. *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 284–85 (7th Cir. 2002) (generally, parties and court should "quantify the net expected value of continued litigation to the class" and "estimate[ ] the range of possible outcomes").

Second, counsel for plaintiffs will need to justify their request for fees. They did not provide their billing records or otherwise explain why they believe their request is reasonable. Before the court can approve counsel's fee request, counsel will have to provide the court the information it needs to assess reasonableness. *Williams v. Rohm and Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011) ("When attorney's fees are deducted from class damages, the district court must try to assign fees that mimic a hypothetical ex ante bargain between the class and its attorneys. The court must base the award on relevant market rates and the ex ante risk of nonpayment."). Counsel should also provide enough information for the court to assess reasonableness under a lodestar approach.

Third, the parties should explain why they believe it is reasonable to return half of any unclaimed amounts to defendants. The parties neither cited any authority for this approach nor provided any justification for it. Particularly because it is not clear how many class members are likely to claim their settlement (the parties provide no data on that issue), the court must ensure that defendants are not receiving an unjustified back-door reduction of the settlement. *Cf. Pearson v. NBTY, Inc.,* 772 F.3d 778, 786–87 (7th Cir. 2014) (invalidating provision in settlement agreement that returns attorney fees to the defendant if the court reduces the fees).

Fourth, and perhaps most relevant to the preliminary approval stage, the parties will need to elaborate on their efforts to provide notice to the class. The parties appear to

acknowledge that there are class members who have not yet received notice of the case. They say that they will "make reasonable efforts" to locate those class members and that defendants "shall assist" in that pursuit, Dkt. 170, at 5, but they do not say how many class members have not received notice and they do not describe the efforts they will take to find those class members. Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances." The court cannot determine whether plaintiffs are satisfying this requirement without a description of the efforts they are taking.

Fifth, the parties do not explain why they believe that a single mailing to a residential address is sufficient, which is important in light of the difficulties that the parties have had providing notice. For example, the parties do not explain whether they explored the possibility of providing notice through of combination of U.S. mail and email to reach a greater number of class members.

Finally, the parties say that more individuals may come forward, alleging that they are class members. If that happens, the parties "shall work collaboratively to determine whether such persons should be included as Class Members." Dkt. 170, at 6. But the parties do not describe the process or criteria they will use to make that determination and they do not identify what they will do in the event that they cannot agree on whether an individual should be included in the class. The parties should clarify that issue as well.

ORDER

IT IS ORDERED that

1. The parties' motion for preliminary approval and request for attorney fees, Dkt. 169 and Dkt. 171, are DENIED without prejudice.

2. Plaintiffs' motion for a status update, Dkt. 172, is DENIED as moot.

3. The parties may have until December 11, 2018, to file a revised motion for preliminary approval of the settlement.

Entered November 21, 2018.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge