IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERIANA JONES and BETHANY MORRISSEY, on
behalf of themselves and a class of employees and/or
former employees similarly situated,

                Plaintiffs,

v.                                                     ORDER

CRUISIN' CHUBBYS GENTLEMEN'S CLUB,         17-cv-125-jdp
PTB, INC., TIMOTHY D. ROBERTS,
KENNETH C. ROBERTS, and LANTZ RAY ROBERTS
f/k/a THOMAS LANTZ DOUGLAS,

                Defendants.

---

      The parties have submitted an amended motion for preliminary approval of the settlement agreement in this class action for wages. Dkt. 174. The court is persuaded that the parties have adequately addressed the concerns identified in the November 21, 2018 order, Dkt. 173, but only for the limited purpose of preliminary approval. After the class members receive notice of the settlement and have an opportunity to object, the parties will need to fully address all the factors relevant to final approval of the settlement, including: the strength of the case compared to the settlement amount; the complexity, length, and expense of the litigation; any opposition to settlement; the opinion of competent counsel; and the stage of the proceedings (including the amount of discovery completed) at the time of settlement. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863-64 (7th Cir. 2014); *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

      One remaining concern relates to the provision in the proposed settlement agreement that permits defendants to reclaim half of any amount that remains unclaimed by the class members. The parties cite other cases in which courts approved similar clauses, *Trout v. Meggitt-*

*USA Servs., Inc.*, No. 216CV07520ODWAJW, 2018 WL 1870388, at *6 (C.D. Cal. Apr. 17, 2018); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 CIV. 3043 PAE, 2015 WL 5577713, at *13 (S.D.N.Y. Sept. 22, 2015), and the court is persuaded that the clause is not unreasonable per se. But if a substantial number of class members do not claim their portion of the settlement, it could alter the court's analysis of the reasonableness of the settlement. For example, counsel's fee request of $133,320 (plus $4,366.04 in expenses) represents one third of the total amount that defendants have offered to pay, which is within the realm of reasonableness. *See Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) ("The typical contingent fee is between 33 and 40 percent."). But if defendants ultimately pay a significantly smaller amount as a result of unclaimed settlements, it could undermine the reasonableness of the fee request. *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782-83 (7th Cir. 2014)("[W]here the percentage of class members who file claims is often quite low . . . , the presumption should . . . be that attorneys' fees awarded to class counsel should not exceed a third or at most a half of the total amount of money going to class members and their counsel."). In their motion for final approval, counsel will need to be prepared to show their fee remains reasonable despite any reduction in benefits to the class as a whole.

    A closely related issue is notice to the class. The parties say that they will send notices to the last known address of each class member as well as take out ads in local newspapers. But the class period goes back to February 2014, so many of the addresses may be out of date. And it is unlikely that a significant number of class members will see the newspaper ads. The parties say in their amended motion for preliminary approval that they do not have the class members' email addresses, so they cannot provide notice that way. But defendants should have telephone numbers for each class member. And phone numbers may stay the same even after someone

moves. So if mail notices are returned as undeliverable, the parties should attempt to contact those individuals by telephone if telephone numbers are available. Because the number of class members is relatively small (the parties' estimate is 109), this should not be a significant burden on counsel.

## ORDER

IT IS ORDERED that:

1. The motion for preliminary approval of the class settlement agreement, Dkt. 174, is GRANTED.

2. The parties' class notice is APPROVED. Plaintiffs may have until January 11, 2019, to disseminate notice to the class. The notice should provide class members 45 days to file a claim or an objection to the settlement.

3. The parties shall submit a motion for final approval of the settlement and attorney fees by March 14, 2019.

4. The court shall hold a fairness hearing on March 22, 2019, at 10:00 a.m.

Entered January 3, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge