IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERIANA JONES and BETHANY MORRISSEY, on
behalf of themselves and a class of employees and/or
former employees similarly situated,

      Plaintiffs,

v.                     ORDER

CRUISIN' CHUBBYS GENTLEMEN'S CLUB,    17-cv-125-jdp
PTB, INC., TIMOTHY D. ROBERTS,
KENNETH C. ROBERTS, and LANTZ RAY ROBERTS
f/k/aTHOMAS LANTZ DOUGLAS,

      Defendants.

---

  The court held a hearing on the parties' joint motion for final approval of the proposed settlement and plaintiffs' motion for attorney fees. Plaintiffs appeared by counsel, Paul Kinne and Kara Burgos. Defendants appeared by counsel, Anthony Steffek. Plaintiff Teriana Jones and defendants Timothy Roberts, Kenneth Roberts, and Lantz Roberts also appeared on their own behalf.

  The court denied the motion without prejudice, for the reasons stated on the record. The gist is that plaintiffs' counsel filed a letter just before the hearing in which they admitted that there were significant errors in the calculations submitted in their motion for final approval. Dkt. 196. The errors relate to both the amount of money that each class member will receive and the amount of money that was unclaimed, half of which will revert back to defendants under the terms of the agreement. Because the errors could implicate both the fairness of the settlement and the reasonableness of counsel's fee petition, the parties will have to file a renewed motion for final approval as well as a renewed fee petition.

The court will not require the parties to send new class notices at this time. Counsel for plaintiffs represented at the hearing that the errors included in the parties' court submissions were not duplicated in the notices to class members. Because counsel identified only slight discrepancies in the amounts included in the notices and the amounts that class members will receive, a new round of notices isn't necessary. But the parties will need to submit to the court copies of the notices they sent to class members so that the court can verify that the notices were adequate.

Plaintiff Jones, speaking on her own behalf, asked the court to extend the time for class members to submit a claim. As the court observed at the hearing, less than 40 percent of class members submitted a claim or otherwise responded to the notice. Jones stated that counsel did not have current contact information for many of the class members, so she needed more time to reach out to them through informal networks of friends and former coworkers. Jones's concerns are valid and the court appreciates her efforts in providing notice to the class. So the court will extend the deadline for submitting a claim or filing an objection to April 22, 2019. As a result, it is not necessary for plaintiffs to file a motion to allow the claims of four class members that were submitted after the original deadline. Those claims may be included in the settlement.

The court set a May 6, 2019 deadline for submitting renewed motions for final approval of the settlement agreement and for attorney fees. If there are new objections, the court will set a date for a telephonic fairness hearing. If there are no new objections, the court will decide the motions on the written submissions.

To assist the parties in preparing their renewed motions and to help cure defects that were in the original motion, the court will provide some guidance on what should be included

in the motions. First, the parties must provide the following information to help the court determine whether they provided adequate notice: (1) the number of class members that the parties were able to contact through mail (and how they know that they had current addresses for those class members); (2) all other efforts that the parties made to provide notice, including email, telephone, and any other means; (3) sealed copies of the notices provided to class members. If the parties are not able to provide actual notice to some class members, then they should explain why those class members should not be excluded from the class so that they are not bound by the settlement. At this point, the parties have not shown that publishing notice in Wisconsin newspapers is a reasonable way of providing notice to the class.

Second, before filing their renewed motions, counsel should review them for inconsistences. One problem with the original motions was that the parties provided different numbers for the same thing without explaining the discrepancies. For example, the parties provided different figures for the number of class members, *compare* Dkt. 193, at 4 (109 class members), *with id.* at 6 (106 class members); the number of class members who submitted claims, *compare* Dkt. 187, at 6 (41 class members), *with* Dkt. 193, at 6 (35 class members); and the total amount of claims submitted, *compare* Dkt. 193, at 6 (approximately $185,000), *with* Dkt. 188, ¶ 13 (approximately $193,000). The accuracy of these numbers is important because they are relevant to determining whether notice is adequate, the settlement is fair, and the attorney fees are reasonable.

Third, the parties should explain how they calculated their numbers and provide the underlying data. This is related to the previous problem. As it turns out, the total amount of claims submitted was *neither* $185,000 nor $193,000, as counsel revealed in its letter shortly

3

before the hearing. But the court had no way of assessing the accuracy of the figure for itself because the parties did not explain how they calculated it or provide the underlying data.

Fourth, Federal Rule of Civil Procedure 23 was recently amended to include new factors that courts must consider before approving a proposed class settlement. *See* Fed. R. Civ. P. 23(e)(2). In their renewed motion for final approval, the parties should address each of these factors. When discussing the adequacy of the relief to the class and the reasonableness of attorney fees, the parties should not rely on the $400,000 originally offered by defendants, but rather the actual amount defendants will pay in light of the reversion clause in the settlement agreement. As noted at the hearing, the parties should also explain the basis for the incentive awards for the named plaintiffs.

Fifth, counsel's fee petition must comply with the court's procedure on requesting attorney fees, which is attached to the preliminary pretrial conference order.

Sixth, the parties must resolve all of their disputes *before* filing their renewed motions. In a footnote in their original motion for final approval, the parties say that "defendants reserve the right to contest the number of shifts worked once they have had an opportunity to review the claims shifts." Dkt. 193, at 8 n.2. But the parties cannot move for "final" approval and then "reserve" objections for an unspecified future date. All figures provided to the court in the motion for final approval should be stipulated. If the parties cannot agree on the relief to be provided, they should bring the dispute to the court's attention promptly. The court will not approve the settlement until those disputes are resolved.

Seventh, defendants should consider whether they need to resubmit their notice to certain state and federal officials under 28 U.S.C. § 1715(b). Defendants did not say whether

the notice they sent the officials contained the same errors as the submissions to the court. If it did, it may affect the validity of the notice.

One last point. The attachments to the letter filed with the court before the hearing contain the full names of some class members. To protect their privacy, the court will direct the clerk of court to place the attachments under seal.

ORDER

IT IS ORDERED that:

1. The parties' joint motion for final approval of the proposed settlement, Dkt. 186, and the motion for attorney fees, Dkt. 194, are DENIED without prejudice.

2. The deadline for submitting a claim or raising an objection to the settlement is EXTENDED to April 22, 2019.

3. The parties may have until May 6, 2019, to file renewed motions for final approval and for attorney fees, in accordance with the instructions provided in this order.

4. The clerk of court is directed to seal Dkt. 196-1 and Dkt. 196-2.

Entered March 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge