IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERIANA JONES and BETHANY MORRISSEY, on
behalf of themselves and a class of employees and/or
former employees similarly situated,

                Plaintiffs,
v.                                                                     ORDER

CRUISIN' CHUBBYS GENTLEMEN'S CLUB,                  17-cv-125-jdp
PTB, INC., TIMOTHY D. ROBERTS,
KENNETH C. ROBERTS, and LANTZ RAY ROBERTS
f/k/a THOMAS LANTZ DOUGLAS,

                Defendants.

Three motions are before the court: (1) the parties' amended motion for final approval of their class settlement agreement, Dkt. 202; (2) plaintiffs' motion for leave to allow late claims, Dkt. 208; and (3) plaintiffs' amended motion for attorney fees and costs, Dkt. 212. Defendants didn't file a brief opposing plaintiffs' request to allow the claims of class members submitted after the April 22 deadline and neither side has identified any unfair prejudice that accepting the late claims would cause. In light of the difficulties that plaintiffs faced in providing notice to the class, the court concludes that it is appropriate to allow the late claims.

Unfortunately, the court is still unable to approve the parties' proposed settlement. The parties adequately addressed many of the concerns raised in the court's March 25, 2019 order denying the parties' first motion for final approval. But the amended motion raises a new concern, which is the difference between the amounts that counsel told the class members in their notices that they would be receiving and the amounts that counsel report in their amended motion that the class members will receive. The court will further explain its concern below.

The parties say that each class member who submitted a claim will receive three checks: (1) one that includes the class member's initial per capita share, which is the same for each class member; (2) one that includes the class member's pro rata share, which is based on the estimated number of shifts that the class member worked; and (3) one that includes the class member's share of the unclaimed portion of the settlement fund, which is the same for each class member. The notices sent to each class member identified the amounts that would be included in checks (1) and (2), but not in check (3), which the notice stated was "yet to be determined."

As the parties acknowledge in their amended motion, there is a substantial difference between the amount that counsel informed each class member she would be receiving for checks (1) and (2) and the amount that counsel has calculated in its amended motion that each class member should receive. Counsel does not fully explain the reasons for these differences, but counsel says that one reason is that additional class members have filed claims since the notices were mailed, decreasing the share of each class member.

That seems to explain much if not all the difference for check (1) relating to each class member's per capita share. The notice each class member received stated that she would receive $1,120.70, but in the amended motion for final approval, counsel states that the per capita share is now $898.21. To allow each class member to receive the noticed amount, counsel says that it will reduce its fee by $11,569.48. If that amount is divided among the 52 class members who submitted claims, it brings each class member's per capita share back to $1,120.70 ($11,569.48/52 + $898.21 = $1,120.70). That appears to be an adequate resolution to the potential problem related to check (1).

2

The discrepancies for check (2) relating to the pro rata share are more significant, the reasons for the discrepancies are less clear, and the solution counsel proposed may be inadequate. Counsel provided the following chart in their brief, showing the difference between the amount that the notice stated each class member would receive ("Old Pro-Rata") and the amount that counsel now calculate each class member is entitled to receive ("New Pro-Rata"):

| Class member | Shifts | New Pro-Rata | Old Pro-Rata |
|---|---|---|---|
| 1 | 129 | $ 668.22 | $1,301.12 |
| 2 | 129 | $ 668.22 | $1,297.45 |
| 3 | 129 | $ 668.22 | $1,301.12 |
| 4 | 129 | $ 668.22 | $1,301.12 |
| 5 | 129 | $ 668.22 | $1,301.12 |
| 6 | 129 | $ 668.22 | $1,301.12 |
| 7 | 129 | $ 668.22 | $1,301.12 |
| 8 | 129 | $ 668.22 | $1,301.12 |
| 9 | 129 | $ 668.22 | $1,301.12 |
| 10 | 1053 | $ 5,454.54 | $4,409.95 |
| 11 | 129 | $ 668.22 | $1,297.45 |
| 12 | 936 | $ 4,848.48 | $3,924.40 |
| 13 | 129 | $ 668.22 | $1,301.12 |
| 14 | 129 | $ 668.22 | $1,297.45 |
| 15 | 129 | $ 668.22 | $1,297.45 |
| 16 | 696 | $ 3,605.28 | $2,928.40 |
| 17 | 129 | $ 668.22 | $1,301.12 |
| 18 | 468 | $ 2,424.24 | $1,982.20 |
| 19 | 129 | $ 668.22 | $1,301.12 |
| 20 | 129 | $ 668.22 | $1,301.12 |
| 21 | 129 | $ 668.22 | $1,301.12 |
| 22 | 129 | $ 668.22 | $1,301.12 |
| 23 | 129 | $ 668.22 | $1,297.45 |
| 24 | 468 | $ 2,424.24 | $1,982.20 |
| 25 | 129 | $ 668.22 | $1,301.12 |
| 26 | 129 | $ 668.22 | $1,297.45 |
| 27 | 129 | $ 668.22 | $1,301.12 |
| 28 | 260 | $ 1,346.80 | $1,119.00 |
| 29 | 129 | $ 668.22 | $1,297.45 |
| 30 | 129 | $ 668.22 | $1,297.45 |
| 31 | 129 | $ 668.22 | $1,301.12 |
| 32 | 129 | $ 668.22 | $1,301.12 |
| 33 | 129 | $ 668.22 | $1,301.12 |

| | | | |
|---|---|---|---|
| 34 | 120 | $ 621.60 | $538.00 |
| 35 | 468 | $ 2,424.24 | $1,982.20 |
| 36 | 129 | $ 668.22 | $1,301.12 |
| 37 | 702 | $ 3,636.36 | $2,953.30 |
| 38 | 129 | $ 668.22 | $1,301.12 |
| 39 | 129 | $ 668.22 | $1,301.12 |
| 40 | 129 | $ 668.22 | $1,297.45 |
| 41 | 1053 | $ 5,454.54 | $4,405.95 |
| 42 | 129 | $ 668.22 | $1,297.45 |
| 43 | 129 | $ 668.22 | $1,301.12 |
| 44 | 129 | $ 668.22 | $1,297.45 |
| 45 | 468 | $ 2,424.24 | $1,982.20 |
| 46 | 129 | $ 668.22 | $1,301.12 |
| 47 | 129 | $ 668.22 | $1,301.12 |
| 48 | 129 | $ 668.22 | $1,297.45 |
| 49 | 129 | $ 668.22 | $1,297.45 |
| 50 | 180 | $ 932.40 | $787.00 |
| 51 | 6 | $ 31.08 | $1,301.12 |
| 52 | 129 | $ 668.22 | $1,297.45 |
| **Totals** | | **$61,688.62** | **$80,988.22** |

The "New Pro-Rata" amount was calculated by multiplying the number of shifts by $5.18. Counsel doesn't explain how they calculated the "Old Pro-Rata" amount and they don't explain why the amounts between the old and the new are so different. Many of the class members' shares were cut in half, which cannot be explained by the approximately 15 additional class members who filed new claims. The additional class members certainly could not be the only reason why Class Member no. 51's share was reduced from $1,300 to $30. The additional claims also could not be the reason why some of the class members' shares *increased* substantially.

Counsel again says that they are willing to take another reduction in fees to make up for the difference between the amounts noticed and the amounts counsel has now calculated. That is laudable, but one potential problem with this proposed solution is that counsel doesn't explain how it plans to distribute that money. The reduction in fees counsel proposes—

$19,299.60—represents the *aggregate* difference between the old and new calculations. But it wouldn't necessarily ensure that each class member receive the amount promised in the notice. This is because some of the class members are receiving substantially *more* money under the new calculation. So even if the approximately $19,000 is distributed equally among those class members receiving less under the new calculation, the additional amount wouldn't be enough to make up for the difference between the old and new calculations. Counsel don't explain how they will resolve that issue. Are they planning to cap the amount that each class member receives to the amount she was noticed (and if so, what is the justification for doing so)? Or will some class members receive less than they were promised (and if so, what is the justification)? It is impossible to answer these questions from the information submitted by counsel because they don't provide a chart of the amounts that each class member will actually receive for her pro rata share.

So before the court can approve the settlement agreement, the parties must explain the following things: (1) why the differences between the old and new pro rata shares are so substantial (particularly, but not exclusively, as to class member no. 51); (2) how counsel plans to distribute the approximately $19,000 reduction in fees; and (3) if any class member will be receiving less than what was promised in the notice, why a new round of notice and opportunity to object isn't required.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for leave to allow late claims, Dkt. 208, is GRANTED.

2. The parties' amended motion for final approval of their settlement agreement, Dkt. 202, and plaintiffs' amended motion for attorney fees and costs, Dkt. 212, are DENIED without prejudice.

3. The parties may have until June 28, 2019, to file supplemental materials addressing the questions raised by the court.

Entered June 12, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge